*Margin notes:*

WESTERN DIST.
September, 1836.

SEGOND
vs.
THOMAS.

---

## SEGOND vs. THOMAS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A letter of credit, written by the defendant, introducing a person to the plaintiff as concerned with him in the planting business, and going to the city where the latter resides, to make purchases for the plantation, with directions to draw on him, and requesting him (plaintiff) to pay

his drafts, establishes an authority in such person, conferred by the defendant, to draw for an amount unlimited.

Where the acceptor of a draft notifies the principal or guarantor of the agent or drawer, of its acceptance, tenor and amount, by stating it at the foot of an account rendered on a settlement, before the draft is due, to which he makes no objection, and which is afterwards paid by the acceptor at maturity, he is bound to reimburse it, but without interest.

Commission is a fair compensation for the use of the name and credit of the acceptor, but interest is not allowable on advances to take up an acceptance, where there is no agreement to pay any.

Where the sum found by the jury is erroneous, and the error is rather one of law than of fact, which the record enables the court to correct, the case will not be remanded, but final judgment rendered.

This is an action on a mercantile account stated, in which the plaintiff claims a balance due of four thousand one hundred and ten dollars and ninety cents, according to an account, annexed, for sundry acceptances, advances, commissions, and articles delivered, between the 18th June, 1831, and the 20th June, 1832, and also credits for proceeds of sales of sugar and molasses, during the same period, made on account of the defendant.

The defendant pleaded a general denial, and especially denied the debits specified in the account annexed to the petition.

He further avers, that the plaintiff had sold, for his account, sugar and molasses, from the 25th March, 1831, to the 12th June, 1832, the proceeds of which, amounting to the gross sum of nine thousand eight hundred and sixty-seven dollars and eighty-three cents, have passed into and still remain in his hands. He admits the plaintiff has purchased for him many articles, and made some payments on his account, but that there remains a balance in his hands of three thousand dollars, due this respondent, for which he prays judgment.

Upon these pleadings and issues the parties went to trial.

The plaintiff supported his account by proof, but the jury, in making up their verdict, rejected the material item therein,

(the amount of a draft) and rendered a verdict for only six
hundred and thirty-three dollars and fifty cents.

The rejected item consisted of a draft of three thousand
and three hundred dollars, drawn by one Sewell Woolfolk on
the plaintiff, and accepted by him the 10th June, 1831,
payable the 11th March, 1832, together with eighty-two
dollars and fifty cents, commission for the acceptance, and
ninety-four dollars and ninety cents, interest, accrued since
the payment of it.

On a settlement between the parties, the 18th June, 1831,
a few days after the acceptance of this draft, it was stated,
in a memorandum at the foot of the account rendered to the
defendant, to be under acceptance, and chargeable to him
when at maturity, to which he made no objection.

The authority of Woolfolk to draw this draft is alleged to
arise from the following letter of the defendant :

"FRANKLIN, 13th March, 1831.
Mr. Theodore Segond,

Dear Sir : This will introduce to your acquaintance Mr.
Sewell Woolfolk, who is now concerned with me in the
planting business. I have given him a memorandum of
such articles as I shall want shipped for the plantation, such
as pork, oil, brick, kettles, and some other small articles,
which he will purchase for me. I have instructed him to
give orders on you for the same, which you will please to
accept, &c.                                  OWEN THOMAS.

Addressed to Mr. Theodore Segond, ⎰
                 New-Orleans."        ⎱

This letter was produced as showing the authority to
draw the draft, and the account rendered showed that the
defendant was notified of it, and that he would be chargeable
with it, to which he made no objection.

The plaintiff's counsel moved to set aside the verdict, and
for a new trial, because the jury erred in rejecting the
amount of said draft, commissions and interest, and on the

WESTERN DIST.
September, 1836.
──────────
SEGOND
*vs.*
THOMAS.
ground that the verdict is contrary to law and evidence. The motion was overruled, and from judgment rendered, confirming the verdict, the plaintiff appealed.

*Simon* and *Brent*, for the plaintiff.

1. Plaintiff is entitled to recover the amount of the draft of thirty-three hundred dollars, drawn by Woolfolk in the name of the partnership of Thomas & Woolfolk; Thomas had recognized him as his partner in his letters to plaintiff, and had authorized said plaintiff to accept drafts, for the benefit of the plantation; accordingly, Woolfolk drew the said draft of thirty-three hundred dollars, which was accepted, and afterwards paid by plaintiff.

2. The draft was drawn on the 11th June, 1831, and on the 18th of the same month plaintiff and defendant made a general settlement of their account; at the foot of the settlement the draft of thirty-three hundred dollars was carried as a *memorandum*, not being yet due, and a copy thereof was delivered to defendant. Defendant made no objection, completed his settlement, and, for one year after, continued to deal with plaintiff, to get advances from him, and to consign him his produce. From these facts, is it not clear that defendant approved and ratified the act of Woolfolk? *Merlin, Question de Droit, vol.* 1. *Verbo Compte Courant, p.* 488. 7 *Martin, N. S.* 140. *Roman Pandects, v.* 7, *l.* 50, *art.* 17, *l.* 60, *p.* 655. *Ibid., lib.* 14, *art.* 6, *l.* 16, *vol.* 2, *p.* 356.

*Brownson, contra.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment of the District Court, disallowing the greater part of the balance of an account claimed by him. The part which was rejected consisted of a draft of three thousand three hundred dollars,
with interest and commissions thereon, drawn on the plaintiff by Sewell Woolfolk, who is alleged to have been authorized to make it by the defendant.

This is resisted by the latter, on the ground that Woolfolk was without proper authority. It appears, by a letter of the defendant, written to the plaintiff on the 13th day of March, 1831, that Woolfolk was introduced by the former to the latter as concerned with him in a planting establishment, going to New-Orleans for the purpose of making purchases therefor, and directed by the defendant to draw on the plaintiff for such purchases. The letter concludes with a request to the plaintiff to pay his drafts. This certainly establishes in Woolfolk an authority to draw, without the amount to be drawn for being either limited or specified.

The draft objected to was accepted by the plaintiff the 10th June, 1831, payable the 11th March, 1832. A few days after the acceptance, the plaintiff rendered an account to the defendant, leaving a small balance in favor of the latter. The plaintiff noted, at the foot of the account, two drafts of Woolfolk on him, which he had accepted, but which were not yet payable, without carrying out their amount in the outer column.

One of these drafts is the one under consideration. The defendant received the sum which the account showed to be due to him at the time of this settlement. It does not appear that he made any objections, then, to the acceptance of the draft in question by the plaintiff, on his account, or at any time, until after payment, and the amount thereof was charged to him in a new account.

It is clear that this silence precludes any objection now to the reimbursement of the plaintiff. Knowledge was brought to him of his agent having made the draft, and of its being accepted by the plaintiff, about nine months before it became due and payable. He ought then to have disclosed any objections he had to its being paid on his account.

The commission is but a fair compensation for the use of the plaintiff's name and credit, but there is no law authorizing a charge for interest in a case like this, nor is there a tittle of evidence of an agreement to pay any.

The jury, in our opinion, erred in rejecting the plaintiff's claim to the amount of this draft and his commission thereon.

WESTERN DIST. September, 1836.

SECOND vs. THOMAS.

plaintiff, as concerned with him in the planting business, and going to the city where the latter resides, to make purchases for the plantation, with directions to draw on him, and requesting him (plaintiff) to pay his drafts, establishes an authority in such person, conferred by the defendant, to draw for an amount unlimited.

Where the acceptor of a draft, notifies the principal or guarantor of the agent or drawer, of its acceptance, tenor and amount, by stating it at the foot of an account rendered on a settlement, before the draft is due, to which he makes no objection, and which is afterwards paid by the acceptor at maturity, he is bound to reimburse it, but without interest.

Commission is a fair compensation for the use of the name and credit of the acceptor, but interest is not allowable on advances to take up an acceptance, where there is no agreement to pay any.

As this is rather an error of law than of fact, and the record enables us to correct it, we refrain from remanding the case, as we did in the case of Hanse and Hepp *vs.* New-Orleans Insurance Company, *ante* 1.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment, as in our opinion should have been rendered in the court below, it is therefore ordered, adjudged and decreed, that the plaintiff do recover from the defendant the sum of four thousand and sixteen dollars, with costs in both courts.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

