HENRY S. BUCKNER and others *v.* JOHN L. CHAPMAN.

A commission of two and a half per cent for accepting a draft or bill. where the drawer has no funds in the hands of the drawee, is a fair compensation for the use of the name and credit of the latter. But where such a commission has been charged, none can be allowed for afterwards paying the draft.

Conventional interest can be recovered only where there has been an agreement, in writing, to pay it.

Interest cannot be allowed on the items of an open account, unless a balance has been struck.

APPEAL from the District Court of the First District, *Buchanan*, J.

GARLAND, J. This action was commenced for the recovery of the sum of $1,443 88, a balance of accounts, alleged to be due to the firm of Buckner, Stanton & Co. in New Orleans, and Stanton, Buckner & Co. in Natchez, the two firms being composed of the same individuals. The petition states that the plaintiffs are factors and commission merchants, that the defendant is a planter in Mississippi, and was at one time connected in the business of planting and merchandize with one Tarleton, which partnership is now dissolved, and the defendant, by agreement, responsible for all the debts. The claim is made up of a balance due on various

Bucknor and others v. Chapman.

drafts drawn by defendant on the plaintiffs and paid by them, with charges for interest at ten per cent per annum, of commissions at two and a half per cent for accepting the drafts, and of two and a half per cent for paying them when not furnished with funds by the defendant.

The first answer of the defendant was a general denial; but on the trial he admitted the account of the plaintiffs, except as to the items of interest, and a credit of $1755, which he alleged ought to have been $2700. On the trial the plaintiffs had a judgment for $216 11, with legal interest. They were dissatisfied with this judgment, and asked for a new trial, which was granted by consent; the defendant having leave to amend his answer. The defendant then amended by averring that on a full and fair settlement of all their accounts, the plaintiffs would be indebted to him. He admits that the firms in Natchez and New Orleans were composed of the same persons, and avers that the accounts of both firms with himself and Tarleton, were blended together, or separated, or transferred by the plaintiffs to each other, as suited them. That in their accounts the plaintiffs have made unjust and illegal charges against him, to wit, those for two and a half per cent for commission for accepting drafts, for interest at the rate of ten per cent per annum on said drafts or advances, and for two and a half per cent commission for paying drafts when their funds were used for the purpose, and two and a half per cent commission on the balance claimed.

The defendant further avers that, on the 12th of December, 1838, not knowing how his accounts stood with the plaintiffs, and being solicited by them, he gave them $1000 in notes of the Union Bank of Mississippi, and his own and John Trumbull's joint note, payable at the Merchants' Bank in New Orleans, twelve months after date, for $3300, which was all to be placed to his credit; but that such has not been the case, as they only give a credit for $950 for the $1000 paid, and still retain the note, which was given without any consideration. He therefore prays, to plead in reconvention his demands against the plaintiffs; asks for a full and final settlement of all accounts, on which he says the plaintiff will be at least $5000 in his debt, for which he prays judgment, and also that his note for $3300 may be surrendered to him.

On the trial, the accounts rendered by the plaintiffs to the defendant were produced. They are made up, with the exception of a few items, of charges for drafts drawn upon the plaintiffs and paid by them, for which they charge two and a half per cent commission for accepting, two and a half per cent commission for paying, ten per cent per annum interest on the amount of the drafts and the commission, and a commission of two and a half per cent on what is called the cash balance, and of various credits for money received as the proceeds of cotton sold and drafts drawn by Chapman on other persons, or those of other individuals which had come into his hands and been transferred to the plaintiffs ; the whole showing a series of charges and extortions, which we hope, for the mercantile character of New Orleans, is without a parallel, although one witness testifies that such charges are customary among commission merchants

There was no dispute between the parties, as to the drafts drawn by defendant on the plaintiffs, and paid by them. The items in contestation are the charges for commissions for accepting and paying drafts, for interest at ten per cent on the amount of the drafts and commissions, and two and a half per cent commission on cash balances, and two items, of $2700 and $1000, which the defendant says he should have credit for in full, while the plaintiffs aver that they have given the proper credit for those sums.

The judge of the District Court allowed the charges of two and a half per cent commission for accepting, and two and a half per cent commission for paying drafts, when not in funds. He allowed interest on the items on the debit and credit sides of the the account, rejected the compound interest and commissions on cash balances, and allowed the defendant credit for the sums of $1000 and $2700 in full, which left a balance in his favor, of $946 68, for which sum he gave judgment against the plaintiffs, on the defendant's demand in reconvention, and the former have appealed. In this court the defendant has prayed for an amendment of the judgment, alleging that a much larger sum is due.

Upon the question of commissions for accepting a draft or bill where the drawer has no funds in the hands of the drawee, this court said, in the case of *Segond* v. *Thomas,* 10 La. 295, that it was a fair compensation for the use of the name and credit of the ac-

ceptor, and in the case of *Taylor, Gardiner & Co.* v. *Wooten,* 19 La. 518, the principle was re-affirmed; but we then determined that no commission for paying a draft should be allowed. We are now fully satisfied of the correctness of that opinion. The judge, therefore, erred in allowing the plaintiffs a commission of two and a half per cent, for paying the drafts of defendant which had been accepted by them.

As to the charge of interest at the rate of ten per cent per annum, the judge of the District Court was right in disallowing it. This is the highest rate of conventional interest allowed by law, and it is now too well settled to admit of a doubt, that interest at that rate can only be recovered, when fixed by the parties in writing. But the judge erred in allowing interest at the rate of five per cent per annum, on the other items of the account. We know of no law which authorizes such a charge. The accounts between the parties were such as usually exist between a factor and principal, in other words an open running account of debit and credit. No interest can be allowed on such claims, unless it be on a balance struck.

As to the sum of $2700, we are of opinion that the defendant is entitled to a credit for the full amount of it. The amount was remitted to the plaintiffs in Natchez, in notes of the Brandon Bank. In his letter of the 23d of July, 1838, the defendant tells them to place that amount to his credit. He says his debt was contracted with the house at Natchez, and that Buckner had agreed to receive it in Mississippi bank paper. The sum was at first credited on the books of the plaintiffs at Natchez, in full, but afterwards the house in New Orleans reduced it thirty-five per cent, so as to bring it to the standard of New Orleans bank currency. This they had no right to do, without the consent of the defendant. Shotwell, a witness for the defendant, says that he wrote to the plaintiffs in Natchez, informing them, if they would not take the money at par, to return it. They say that they never received his letter, but they received that of the defendant, and they did not inform him that they would not take those bank notes at par, or that they intended to charge a discount on them; and the discount of 35 per cent was not, in fact, charged, until sometime afterwards.

As to the credit of $1000, the defendant is not entitled to it. It was paid in notes of the Union Bank of Mississippi to the house of the plaintiffs at Natchez, and in the receipt given they say that the whole is to be placed to his credit; yet the house in New Orleans reduced the amount $50, so as to reduce the Union Bank notes to the standard of New Orleans funds, which was a positive contradiction of the terms of the receipt, and without the consent of the defendant. The counsel for the plaintiffs urges, that the defendant is bound by the charge made by the plaintiffs, because on the first trial in the District Court the counsel for the defendant admitted that the account sued on was correct, with the exception of the items in relation to interest and the discount on the Brandon Bank notes. In the account so admitted to be correct, the defendant is charged with the discount of five per cent on the Union Bank notes, and credited with the sum of $950 only. We feel bound to give the effect to this admission as far as it goes, and the judge, therefore, erred in allowing a credit for $1000, as the defendant had admitted that $950 was the proper sum.

The counsel for the plaintiffs also urges that, by the admission above stated, the defendant is precluded from contesting the items of commission charged in the different accounts. We do not think the admission goes so far. An examination of that account shows that no item for commission is contained in it, nor was the charge for commissions then in contest. The controversy in relation to them arose on the filing of the defendant's amended answer and plea in reconvention, which was filed by consent of the plaintiffs' counsel, after the defendant had consented to a new trial.

As to the note of $3,300 given by the defendant and Trumbull to the plaintiffs, it is clear it was not considered as a settlement of the accounts between the parties. The plaintiffs have not given the defendant any credit for it, as they state in their receipt that they will do. On the contrary, they sue for the balance of their account, accruing before the note was given, without saying any thing about it. It is scarcely to be credited, that the plaintiffs would have sued for the balance of an account, when they had in their possession a note closing it or covering a large part of it.

The judgment of the District Court is, therefore, amended as prayed for by the appellee; and a judgment is given in favor of the

said John L. Chapman, on his demand in reconvention, for the sum of nine hundred and ninety-seven dollars, and ninety-five cents, with legal interest from the 29th of May, 1840, until paid, with costs in both courts.

This case was submitted without argument, by *L. C. Duncan,* for the appellants, and *Chinn,* for the defendant.