WESTERN DIS.
October, 1841.

TAYLOR,
GARDINER & CO.
vs.
WOOTEN.

19   518
e1151063

## TAYLOR, GARDINER & Co. vs. WOOTEN.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT FOR THE

PARISH OF CALDWELL, THE JUDGE OF THE FIFTH PRESIDING.

Where a commission is charged for *accepting*, none can be claimed, or a like commission charged for advancing, on the same sum or transaction.

A promise by defendant to send plaintiffs his crop, or in default, to allow them, a commission on its amount, having no other consideration than the acceptance of a draft, for which a commission is already charged and allowed, is a *nudum pactum*, and will not be enforced.

This is an action on the following merchant's account against a cotton planter :

" MR. R. G. WOOTEN.

To TAYLOR, GARDINER & Co.      Dr.

1840.

| | | |
|---|---|---:|
| February. | To your draft in favor of J. N. Cardozo, due 10th May,..................... | $191 22 |
| " | " commission, 2½ per cent. for accepting same, ............................ | 4 78 |
| " | " commission, 2½ per cent. for advancing, | 4 78 |
| 1841. | | |
| March. | " interest, 405 days,....................... | 21 52 |
| " | " commission as per agreement 11th February last, on 100 bales cotton, say value $3500, at 2½ per cent.,......... | 87 50 |

" Amount due Taylor, Gardiner & Co. in cash on the 1st April,............................. $309 80

" New Orleans, March 4th, 1841."

The agreement between plaintiffs and defendant is embodied in the opinion of the court. In this the latter agreed to send his crop to the plaintiffs, in consideration of the acceptance of the small draft contained in the account sued on. He failed to comply, and a commission of 2½ per cent. is charged on the supposed amount and value of his crop.

There was judgment for the amount of the account sued on, and the defendant appealed.

WESTERN DIS.
October, 1841.

TAYLOR
GARDINER & CO.
vs.
WOOTEN.

*Copley*, for the plaintiffs.

*McGuire*, contra.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment, in which the plaintiffs recovered " $191 22, the amount of a draft acccepted and paid by them ; also $9 56, being 2½ per cent. for accepting, and 2½ per cent. for advancing on said draft ; and the further sum of $87 50, being 2½ per cent. commission on $3500, the value of 100 bales of cotton."

The defendant having occasion for the plaintiffs' acceptance of a draft of his for a small amount, entered into the following agreement with them :

" *New Orleans, February* 11, 1840.

" In consequence of Taylor, Gardiner & Co. granting me an acceptance this day for $191 22, at 90 days date, in favor of A. Cardozo, I hereby bind myself to ship to them my next crop of cotton, say 100 bales, and in default thereof, to pay them the commissions, that would accrue on said sales,"

" R. G. WOOTEN."

The plaintiffs in their petition claim all the items which were allowed in the judgment ; and the further sum of $21 52 for interest.

It appears to us the court erred. The plaintiffs were entitled to the amount of the draft, and a commission of 2½ per cent. thereon, for their acceptance. The commission of 2½ per cent. for *advancing* was improperly allowed. There was no *consideration* for the allowance of a commission on the crop of cotton, which the defendant engaged to send to the plaintiffs for sale ; as no cotton of the defendant was sold under the agreement. The promise to send them cotton, or in default to allow them their commissions, had no other consideration than the acceptance of the draft by them ; and for this they have

Where a commission is charged for *accepting*, none can be claimed or a like commission charged for advancing, on the same sum or transaction.

WESTERN DIS.
October, 1841.

TAYLOR
GARDINER & CO.
vs.
WOOTEN.

A promise by defendant to send plaintiffs his crop, or in default, to allow them a commission on its amount, having no other consideration than the acceptance of a draft, for which a commission is already charged and allowed, is a *nudum pactum*, and will not be enforced.

charged, and the judgment allows them, a commission of 2½ per cent. The promise was therefore *nudum pactum.* In the case of Harrod et al. vs. Constance, 5 Martin, 575, we held, that neither law or custom allows the charge of a commission on a crop not sold by the merchant, but which he expected would be sent to him in consequence of advances made to the planter.

It is contended, that in the present case the commission is charged in consequence of the defendant's promise to pay it, if he did not send his cotton to the plaintiffs for sale; and as a compensation for a breach of his promise to send it. We have already said, that the promise being without consideration, cannot support an action.

As to the charge of interest in the account, the lower court has disallowed it, and the plaintiffs have not prayed the amendment of the judgment in this respect. See the case of Segond vs. Thomas, 10 La. Reports, 295.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as in our opinion should have been rendered in the court below: It is ordered, adjudged and decreed, that the plaintiffs do recover from the defendant the sum of $191 22, with 5 per cent. interest from the 6th of April, 1841, (La. Code, art. 1932,) until paid; and $4 78 commissions for accepting draft; the plaintiffs and appellees paying the costs of the appeal.