No. 3147.—STEWART, HYDE & Co. *v.* BUARD & DRANGUET.

A stipulation in a contract between a planter and a commission merchant, by which the former agrees to secure the latter in a certain amount in any event, is not illegal, and may therefore be enforced against the planter, notwithstanding he has failed to make a crop.

Where no stipulation for interest is made in the agreement, only legal interest can be recovered on the amount found to be due. The fact that a note pledged as collateral security bears eight per cent. interest per annum, does not entitle the creditor to that rate of interest on an obligation that only draws five per cent.

APPEAL from the Ninth District Court, parish of Natchitoches. *Osborn,* J. *C. Chaplin & Son,* for plaintiffs and appellants. *Pierson & Levy,* for defendant and appellee.

HOWE, J. In the early part of 1867, the defendants entered into a contract with the plaintiffs, which was afterward reduced to writing and signed by defendants, by which the plaintiffs, as commission merchants and factors, were to furnish plantation supplies to an amount not to exceed $6000, and the defendants, planting partners, agreed to ship to plaintiffs the entire crop of their plantation, "which," to quote from the agreement, "the said Buard & Dranguet warrant to amount to four hundred bales of cotton, of four hundred and fifty pounds to the bale, and if the number fall short of that number, the commission shall be paid upon the deficiency at the rate of five dollars per bale, liquidated amount."

To secure payment of the advances, interest and charges on the crop, the defendants furnished their joint note for $8000, due December 31, 1867, and each pledged as collateral certain mortgage notes; and both defendants also agreed to pay five per cent. attorney's fees on any balance due and sued on. The defendants having failed to make a crop, suit was brought against them and judgment obtained against Buard at the January term, 1869, of the district court, for the sum of $4000, being one-half of the plaintiffs' account. The case was continued as regarded Dranguet, the other defendant, and at the December term of court, 1869, judgment was rendered against Dranguet for $2530 49. From that judgment the plaintiffs have appealed, and now ask for a reversal and amendment, decreeing the liability of the defendant in the full amount asked for in the petition.

The defendant resists this demand on the following grounds:

*First*—He denies having entered into the contract at the date stated, but avers that he signed the same, having been compelled to do so from the force of circumstances, and that the contract is usurious and an extortion.

*Second*—He admits the indebtedness for one-half the supplies furnished, but objects to the commission on cotton not shipped, as contrary to law.

*Third*—He alleges error in the mortgage given as collateral, which he says should have been only for $3000.

26

*Fourth*—He pleads in compensation the one-half value of four mules, worth, as he alleges, in the aggregate $600, returned to plaintiffs, and the sum of $100 for their hire.

*Fifth*—He pleads also in his amended answer that the rate of interest should be only five per cent., and reiterates the illegality of the contract entered into to pay five dollars per bale as commission on cotton which they guaranteed to ship.

*First*—The evidence shows that the contract was voluntarily executed by the defendant, Dranguet, as well as by Buard. The negotiations commenced in New Orleans by conversations between the plaintiffs and Buard, and afterwards with Dranguet. The within agreement was afterwards prepared and sent up to the plantation. The defendants returned it with a letter, dated March 1, 1867, objecting to the portion in regard to a commission on cotton not shipped and threatening to settle for supplies already received, and, we presume, find some other factors. To this plaintiffs replied by letter of March 25, 1867, arguing the matter at length and intimating that, if the defendants did not choose to sign the agreement, they were at perfect liberty to withdraw from the arrangement and find other factors upon paying for what supplies they had actually received. Thereupon the defendants both signed the agreement and acknowledged it to be their voluntary act before a notary, and it was recorded May 16, 1867. The defendant, Dranguet, testified that he was forced to sign it by the fact that the poverty of his partner prevented the latter from settling his share of supplies in March, 1867, and withdrawing from the arrangement, and therefore he, Dranguet, did not settle and withdraw. We see nothing in this testimony or in the record elsewhere to invalidate the written, signed and recorded contract.

*Second*—The agreement being established, it seems to follow that the clause quoted above, by which defendants warranted the crop to be four hundred bales, and agreed, in effect, that the plaintiffs should have $2000 commission in any event, is binding · on the appellee, Dranguet. The contract may have been rash, but it was not unlawful; nor was it without consideration. The facts cited already clearly show that the plaintiffs would not furnish the advances and supplies, and take the risks of what afterwards proved to be a total failure of the crop, without this special clause. In this respect the case differs from Taylor *v.* Wooten, 19 La. 518.

*Third*—The point of error as to the amount of the collateral mortgage note seems to be abandoned.

*Fourth*—The evidence shows that the defendant, Dranguet, is entitled to credit for one-half the value of the four mules returned, which one-half we fix at $200.

*Fifth*—The plaintiffs, in the absence of any agreement to pay eight

per cent. interest, are only entitled to recover five. The fact that one of the collaterals bears eight per cent. interest, can not affect the question. The agreement and the principal note of $8000 make no provision for any more than the legal rate.

We compute the amount due by Dranguet to be $3440, with five per cent. interest from July 31, 1867, and five per cent. attorney's fees.

It is therefore ordered that the judgment appealed from be reversed, and that the plaintiffs, Stewart, Hyde & Co., recover from the defendant, C. F. Dranguet, the sum of three thousand four hundred and forty dollars with legal interest from July 31, 1867, and the further sum of one hundred and seventy-two dollars and twenty cents, attorney's fees and costs of both courts, with recognition of the special mortgage on the property mentioned in the petition and in the act of mortgage on file, with right to seize and sell the same.