(137 So. 62)

**SALLES v. STAFFORD, DERBES & ROY, Inc.**

In re STAFFORD, DERBES & ROY, Inc.
No. 31169.

July 17, 1931.

Rehearing Denied Oct. 6, 1931.

Charles I. Denechaud and Roger Meunier, both of New Orleans, for applicant.

Welton P. Mouton, of New Orleans, for respondent.

ROGERS, J.

Plaintiff and defendant entered into a written contract, styled "bond for deed," for the sale and purchase of "Ten lots of ground,

numbered 17 to 26, inclusive, in Square No. 2, Hanson Place, Jefferson Parish." The agreed purchase price was $2,000, payable in installments, the agreement being that, after full payment of the price, defendant would convey the property by formal notarial deed to plaintiff. Stamped across the face and forming part of the contract is the following provision, viz.:

"It is understood that Stafford, Derbes & Roy, Inc., may, at their discretion cause a new map or resurvey to be made of the property herein sold, and that such map or survey, if and when made, may show a change of position and/or location of the property herein sold, provided, however, same number of square feet and location in same square or plot shall be retained.

"It is further understood and agreed that Stafford, Derbes & Roy, Inc., may, at their discretion, make, apply for and obtain dedication of streets, roadways, highways," etc.

When plaintiff had paid the sum of $1,681.-85 on account of the purchase price, he brought this suit for the recovery of the amount paid, alleging the nullity of the contract because it "imports no obligation, is without consideration, is unilateral, is based on a potestative condition on the part of the defendant, is lacking in mutuality, and the object of the alleged contract is uncertain." In the alternative, plaintiff averred that defendant had breached the contract and failed to comply with its obligations in certain particulars, which he enumerated.

Defendant admitted the execution of the contract and the payment to it thereunder of the amount sued for. Defendant denied the contract is null, and alleged that it is a legal and valid agreement, importing binding reciprocal obligations on the parties.

Defendant also denied that it had breached the contract in any respect.

On a rule for judgment on the face of the pleadings, the district court rendered judgment in plaintiff's favor as prayed for. This judgment was affirmed on appeal by a divided court. The case is now before us for review of the opinion and decree of the Court of Appeal.

The Court of Appeal affirmed the judgment of the district court because it was of the opinion the entire contract was null, under the clause we have quoted, the object of the sale lacking certainty, as required by article 1779 of the Civil Code. 132 So. 140.

All things not forbidden by law legally become the subject of or the motive for contracts. Civ. Code, art. 1764. And agreements legally entered into have the effect of laws on those who have formed them. They cannot be revoked, unless by mutual consent of the parties, or for causes acknowledged by law. They must be performed in good faith. Civ. Code, art. 1901. When the intention of the parties is evident and lawful, neither equity nor usuage can be resorted to, in order to enlarge or restrain that intent, nor can any law operate to that effect, unless it be some prohibition or other provision which the parties had no right to modify or renounce. Civ. Code, art. 1963.

The policy of the law is that all men of lawful age and competent understanding shall have the utmost liberty of contracting, and their contracts, when freely and voluntarily made, are not lightly to be interfered with by the courts. Hence the contract herein submitted for interpretation must be held sacred and be judicially enforced, unless the intent of the parties is wholly unascertainable or is clearly unlawful.

The clause of the contract submitted for interpretation relates to three things, viz.: "(1) The vendor may have a new map or survey made; (2) This map, if made, may show a change of position or location of the property sold, provided the same number of square feet and location in same square or plot shall be retained; and (3) the vendor may, at its discretion, make, apply for and obtain dedication of streets," etc.

We are unable to understand how the privilege granted the vendor of making a new map or survey without prejudicing the rights of the purchaser nullifies the contract. The object sold is ten lots of ground, containing a specified number of square feet, in square No. 2 of Hanson place, Jefferson parish. The location and dimensions of the square and the lots are shown on the map or plan of Hanson place referred to in the contract and on file in the office of the vendor. The privilege granted the vendor to change the location of the lots in the same square does not make the object of the contract uncertain. That object is still ten lots of ground of the same specified number of square feet and located in the same square of the subdivision. The position, boundaries, and measurements of the square are fixed. The size and shape of the lots are specified. Hence the thing sold is certain; and there is no question that the description embodied in the agreement definitely describes the property according to the understanding of the parties.

The conditions of the contract are to be construed as the parties must be supposed to have understood them at the time of its execution. Clay v. Ballard, 9 Rob. 308, 41 Am. Dec. 328. The court is not concerned with the wisdom or the folly of the contract. It cannot annul or amend it simply to avoid some supposed hardship arising therefrom. Its duty is confined strictly to the ascertainment of the limits of the rights and obligations of the contracting parties as they have defined them for themselves.

We do not think there can be any serious objection to the right reserved by the vendor to apply for the formal dedication of streets, etc. The streets, under the law, became dedicated to public use, when the parties entered into the agreement with reference to a map or plan exhibiting streets in the subdivision.

The clause in the contract under review is not potestative in character. It might be so characterized if it had provided the vendor might, at its option, refuse to deliver the property at all. But it is only a condition relating to the execution of the contract. There can be no question that, when the purchaser complies with his part of the agreement, by paying in full the agreed purchase price, he can demand and enforce delivery from the vendor of the ten lots of ground mentioned in the contract, or, in the event a new map or survey has been made, of ten lots of the same size and shape located in the same square.

Our conclusion is, therefore, that the agreement of sale herein is not a nullity for uncertainty of the thing sold nor as containing a potestative condition. But the case will have to be remanded to the district court for a trial on plaintiff's allegations that defendant breached the contract in a number of particulars involving questions of fact, which were not passed on in this proceeding.

For the reasons assigned, the judgments of the Court of Appeal and the district court are annulled, and this case is remanded to the district court for further proceedings not inconsistent with the views herein ex-

pressed. The plaintiff is to pay the costs of appeal and writ of review; all other costs to abide the final decision in the case.