PONDER, Justice.
 

 The defendant, Board of Commissioners for the Plaquemines Parish East Bank Levee District, is appealing from an adverse judgment of the district court, awarding the plaintiff, L. P. Davis Construction Company, $4,497.21, with legal interest from judicial demand, for the balance due on a contract for the construction of the Davant-Bohemia Lower Line Back Levee.
 

 The principal controversy in this litigation is the method of computing payment for the work done under the contract.
 

 The defendant takes the position that payments under the contract should be made on the basis of five-sixths of the actual cubic yards moved in constructing the levee. On the other hand, the plaintiff contends that it should be paid on the basis of nine-tenths of the actual cubic yards removed.
 

 If the defendant’s contention is upheld, the plaintiff has received sufficient funds to pay for the work. If the plaintiff’s position is accepted, the L. P. Davis Construction Company is entitled to the amount awarded it by the district court.
 

 The defendant appellant relies on paragraph 18 of the General Specifications and Conditions which reads as follows:
 

 “18. “Embankment — The embankment shall be built of such material, and disposed and distributed in such manner as the Engineer in charge may direct, under the requirements of the Board of State Engineers. The required allowance for shrinkage shall be added to the height of the embankment; this allowance to be at the discretion of the Engineer in charge, up to one-fifth in excess of the net height of the embankment; it being understood that a cubic yard of embankment under this agreement is a net cubic yard of set-
 
 *593
 
 tied earth and equal to five-sixths of a cubic yard of material in place, within the limits prescribed.”
 

 From a reading of the testimony, it is apparent that the form of contract used and the written specifications employed were those drafted principally for front line levee work, and they do not properly cover the type of work required in building a levee in the marsh because of the different physical conditions.
 

 The Board of State Engineers had supervision of the construction of the levee. The plaintiff offered testimony, which was not contradicted, to the effect that Mr. T. M. McCarroll, assistant engineer for the Board of State Engineers, informed it, at the time plaintiff's bid was offered, that payments under the contract were to be computed on barrow pit measurements less a small deduction for shrinkage.
 

 Mr. Robert N. Contois, field engineer for the Board of State Engineers, who made the preliminary and final surveys of the work under the direction of Mr. McCarroll, testified that he had explained to all the bidders, prior to the letting of the contract, that this method would be used in computing the payments. His testimony is to the effect that he was instructed to do this by Mr. McCarroll. The evidence also shows that this method of computing payment for work done in the construction of back line levees had been generally employed by the Board of State Engineers in the past.
 

 Mr. L. T. Fontenelle, president of the Levee Board of the Plaquemines East Bank Levee District at the time of the letting of the contract, testified that he represented to Mr. Davis, a member of the plaintiff company, and the other bidders, before the contract was awarded, that section 18 as well as other portions of the General Specifications and Conditions were to be eliminated.
 

 An examination of the original contract shows that certain provisions of the General Specifications and Conditions, attached thereto, were deleted. However,
 
 section
 
 18 was not deleted.
 

 Seven partial payments were made on the contract under estimates made by the Board of State Engineers wherein the payment was computed on the basis of barrow pit measurements. Actual yardage is recited in these estimates without showing any reduction for shrinkage. However, in view of the testimony in the case, this undoubtedly represents the net yardage after the reduction was made. The record discloses that the Board of State Engineers took over the construction of this levee with the consent of the defendant and acted for it. The estimates and computations were made by this board.
 

 Sometime after the seventh partial payment had been made on this contract, a dispute arose between the Department of Public Works, who by legislative act took over the duties of the Board of State Engineers, and the plaintiff as to the method of computing the payments. The Department of Public Works assumed the position that under the contract payments should be computed on a five-sixths basis.
 

 
 *595
 
 Two subsequent estimates were made by the Department of Public Works on this basis, and checks were mailed to the plaintiff. The plaintiff accepted these payments under protest.
 

 Prior to the time that the last two estimates were made, there was a conference held in the Attorney General’s office attended by Mr. S. E. Huey, acting chief State Engineer, Mr. T. M. McCarroll, assistant State Engineer, Mr. John J. Mundinger, Civil Engineer of Baton Rouge, and Mr. W. Carruth Jones, Executive Assistant to the Attorney General, wherein the method of payment under this contract was discussed. From our appreciation of a letter of March 20, 1941 written by Mr. W. Carruth Jones of the Attorney General’s office to Mr. Huey, it was decided that the method of payment first used should be continued, and that in future work of this nature, the specifications should be redrafted to comply with the experience derived from the construction of back line levees.
 

 The defendant is under the impression that this conference only dealt with subsidence resulting from the construction of the levee.
 

 Be that as it may, there was a partial payment made on this contract thereafter on March 24, 1941 wherein the yardage was computed on the same basis as that used in the prior partial payments. However, the estimate shows that an allowance was made to ■ the plaintiff for subsidence which was added to the yardage.
 

 The plaintiff has asked for a reformation of the contract by eliminating section 18 of the General Specifications and Conditions.
 

 We see no necessity to pass on this question for the reason that we have arrived at the conclusion that the plaintiff is entitled to recover under the circumstances in this case.
 

 It is of no particular moment whether or not the conference in the Attorney General’s office related only to subsidence. The parties had previously interpreted their contract and acted on it. There is absolutely nothing in the evidence to show any bad faith or fraud on the part of anyone. The evidence conclusively shows that all 'of the parties acted in good faith. The parties all realized that the form of contract used was not applicable to back line levee work because of the peculiar physical conditions existing in marsh lands.
 

 In view of the fact that the form of contract used was not designed to cover back line levee work, and it is ambiguous in some of its provisions, the interpretation placed on the contract by the parties should prevail.
 

 The testimony shows that the parties to the contract were cognizant of the fact that the form of contract used was ambiguous insofar as it applied to back levee construction. Especially is this true as to the allowance for subsidence.
 

 The plaintiff at the time he presented his bid did so with the understanding that he would be paid on the barrow-pit measurement. This method was followed in all payments except the last two. The interpretation placed' on the contract
 
 *597
 
 by the parties under the circumstances must prevail. See: Article 1956 of the Revised Civil Code; Metcalfe v. Green, 140 La. 950, 74 So. 261; M. M. Ullman & Co. v. Levy, 172 La. 79, 133 So. 369; Salles v. Stafford, Derbes & Roy, Inc., 173 La. 361, 137 So. 62; Sartor v. United Carbon Co., 183 La. 287, 163 So. 103; Vincent v. Bullock, 192 La. 1, 14, 187 So. 35.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
 

 O’NIELL, C. J., takes no part.