McINNIS, Judge.
This suit is for the sum of $500 claimed to be due as the result of a contract between plaintiffs and ■ defendant, whereby plaintiffs entered into an agreement to purchase from defendant a concrete block plant located at Monroe, Louisiana, for a total consideration of $5,000,. $1,000 of-which was paid at the time and the balance to be paid on the consummation of .sale. Paragraph 6 of the contract reads as follows :
“In case of a breach or non-performance of this agreement by either of the parties hereto, such party shall forfeit and pay to the other party, Five Hundred ($5.00.00) Dollars as liquidated damages and not in the nature of a ' penalty.”
In answer to the petition defendant denied any indebtedness to plaintiffs, and alleged that the contract was one of sale, and that plaintiffs owe him $4,000 for which he has a vendor’s lien on the property sold to plaintiffs; In a reconventional demand he asks, for judgment against plaintiffs in his favor for $4,000 with recognition of the vendor’s lien, and that the property be sold, with benefit of appraisement, and he be paid by preference the amount of $4,000 with interest, and costs, and if the amount realized is not sufficient to pay these sums that the judgment be made executory against any other property of plaintiffs.
The cause was submitted on the face of the papers, and the lower court, awarded plaintiffs judgment as prayed for and rejected the reconventional demand of defendant. From the judgment defendant has perfected a' suspensive appeal.
The contract is dated October 4, 1952, and in addition to paragraph 6, quoted above, provides:
“1. Seller shall sell to the buyers, and buyers shall buy from the seller the following described property; * * *
Here follows a list of the property:
“2. Seller agrees to repair the brakes of the float trailer hereinabove mentioned, and place the same in good working condition. Seller agrees to. have the Reb truck and trailer loaded with heavy equipment, such as the block plant, at expense of seller, on the date this sale is consummated. (Emphasis ours.)
* * * * * *
*788 “7. Upon the performance of all the conditions of this contract the seller shall furnish the buyers with a bill of sale with warranty of title to said property hereinabove described.”
On October 12, 1952 a note signed “Chas.” was sent to defendant advising that it would be several more days before the truck and equipment could be picked up, and on November 6, 1952 a telegram signed Charles Warriner was sent to defendant reading:
“We are still too busy to come to Monroe for truck. Taking advantage of good weather to finish up our asphalt jobs. ,. Be down in another week. Thanks.”
On November 26, 1952, John E. Hooker, attprney, wrote defendant the following letter:
“I am writing at the instance of the Asphalt Materials Company of Pine Bluff, Arkansas, with reference to the proposed purchase from you of the block plant.
“These parties on October 1, made a payment of One Thousand ($1,000.00) Dollars through acceptance and- payment of a draft drawn by you on them through the National Bank of Commerce here. They have decided that it will be impossible for them to go through with this contract and they have asked that I write you to such effect.
“I have advised them that under Section 6 of their contract with you, which agreement was made on the 4th day: of October, 1952, they are required to pay you Five Hundred ($500.00)- Dollars as damages because of their unwillingness to carry through this contract. I believe you will interpret the matter in the same light. They have instructed me to advise you to this effect and ask that you return only Five Hundred ($500.00) Dollars of the One Thousand ($1,000.00) Dollars heretofore paid you.
“Awaiting your attention, I am, Yours very truly,”
The filing of this suit followed on January 28, 1953.
Defendant contends that if the agreement to sell was not in, fact a sale, that it ripened into a sale by the subsequent acts of the parties, and that defendant should have judgment on his reconventional demand, and if this is not so, then the lower court erred in its interpretation of earnest as defined in Art. 2463 of the LSA-Civil Code, and that if defendant is not awarded judgment on his reconventional demand that the demand of plaintiffs should be rejected.
In support of the contention that the agreement ripened into an executed sale, defendant says that the note to defendant advising that it would be several more days before the truck ’ could be picked up, and , the telegram saying they were too busy to come to Monroe for truck, but would be down in another week, confirmed and made the agreement a sale between the parties.
We are of the opinion that the judgment rejecting the reconventional demand of defendant is correct, and pass to the contention that the deposit of $1,000 was earnest money and should be forfeited. Because the Article of the LSA-Civil Code, 2463, provides that if the promise to sell has been made with the giving of earnest, the deposit shall be forfeited upon nonperformance, it does not necessarily follow that the parties, of full age of majority could not agree to a less rigorous penalty for a breach or nonperformance of the contract unless such agreement is one reprobated by law.
We have been cited numerous authorities on thé question of earnest money, which have been read with interest, however none of them present similar agreements to the one under consideration here, and in our opinion it is immaterial whether or not the $1,000 paid to defendant be denominated as earnest, for the reason that a fair construction of the agreement can lead only to the conclusion that whatevér designation -is given to this payment, the agreetrient itself provides that either party *789 may recede from the agreement upon paying the other party $500 as liquidated damages, not as a penalty.
In Salles v. Stafford, Derbes & Roy, 173 La. 361, 137 So. 62, 63, the opinion says in part:
“The policy of the law is that all men of lawful age and competent understanding shall have the utmost liberty of contracting, and their contracts,' when freely and voluntarily made, are not lightly to be interfered with by the ■ courts.”
And in Yates v. Batteford, 19 La.App. 374, 139 So. 37, at page 40, the Court in the course of the opinion said:
“The parties may make their own contracts, and, however unusual they may be, they form the law between them, and should be enforced so long as they do not contravene good morals or public policy.”
We find nothing in the agreement that is illegal, immoral or contrary to public policy.
For these reasons the judgment appealed from is affirmed. Defendant shall pay the costs of the lower court and the costs of this appeal.