144 So.2d 667 (1962)
Roger LEON, Sr.
v.
Aubin DUPRE and Mrs. Aubin Dupre.
No. 21084.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Frederick J. Gisevius, Jr., Robert F. Shearman, John G. Discon, George M. Leppert, New Orleans, and John J. Cummings, III, for defendants and appellants.
Tapper, Schuler & Perez, William P. Schuler, Arabi, for plaintiff and appellee.
Before McBRIDE, HIMEL and LANDRY, JJ.
McBRIDE, Judge.
On November 1, 1956, plaintiff placed a music box in the Three Leaf Bar operated by defendants in St. Bernard Parish under a written agreement reading thus:
"I, Mr. Aubin Dupre and Mrs. Dupre, give Roger Leon permission to place *668 his music box in my place of business `The Three Leaf Bar'. If at any time I should have him remove it, I agree to pay him $190.00."
We gather that the music box is the usual coin-operated device placed in some types of business establishments for the amusement and entertainment of the patrons thereof. On what basis it was installed in defendants' bar we do not know.
On November 10, 1956, Mrs. Dupre in writing ordered plaintiff to remove the box, which he did, whereupon he sued the defendants for the sum of $190 mentioned in the agreement. The only defense worthy of note is that defendants are contending that the music box was unlicensed and that it was a violation of law for them to operate it.
After a trial on the merits, the judge rendered judgment in plaintiff's favor for $50. Defendants appealed, but plaintiff neither appealed nor answered defendants' appeal.
The evidence heard by the trial judge respecting the licensing of the music box is in conflict, plaintiff's testimony being that he warned defendants that they must not operate the box without a license which they were to secure. The judge evidently believed that defendants were to obtain the license, and nothing appears in the statement of facts entered into between the parties which would warrant a holding that the judge erred.
Defendants agreed to pay plaintiff $190 in the event they should have plaintiff remove the music box. They had the box in their establishment but ten days, and it seems harsh that they should pay plaintiff $190. Perhaps that is why the trial judge rendered judgment in favor of plaintiff for only $50. The contract, so far as the record shows, was not entered into for any immoral purposes nor was it contrary to law, and defendants must be held to their agreement.
LSA-C.C. art. 1901 recites:
"Agreements legally entered into have the effect of laws on those who have formed them.
"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
"They must be performed with good faith."
The parties may make their own contracts, and however unusual they may be or what drastic or unreasonable features there may be therein, they form the law between them and should be enforced so long as they do not contravene good morals or public policy. Salles v. Stafford, Derbes & Roy, Inc., 173 La. 361, 137 So. 62; Blakesley v. Ransonet, 159 La. 310, 105 So. 354; Stewart, Hyde & Co. v. Buard & Dranguet, 23 La.Ann. 201; Arkansas Fuel Oil Corporation v. Maggio, La.App., 141 So.2d 516; Oil Field Supply & Scrap Material Co. v. Gifford-Hill & Co., Inc., La.App., 16 So.2d 77 (annulled on other grounds204 La. 929, 16 So.2d 483); Yates v. Batteford, 19 La.App. 374, 139 So. 37, rehearing denied and amended 19 La.App. 374, 139 So. 746.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.