173 So.2d 336 (1965)
Mrs. Jeanne RICHARDSON, Plaintiff-Appellant,
v.
Mrs. Ethel M. COLE, Defendant-Appellee.
No. 10341.
Court of Appeal of Louisiana, Second Circuit.
March 17, 1965.
*337 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellant.
Simon Herold, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This action seeks recovery of the unearned portion of consideration paid by plaintiff on two contracts. An exception of no cause and no right of action was interposed by defendant, and plaintiff prosecutes this appeal from judgment sustaining said exception and dismissing her suit.
Plaintiff alleged that in the year 1958 she entered into two written contracts with the defendant whereby she purchased a total of 1,200 hours of dancing lessons for the sum of $10,206.00; that in the year 1958 she began to suffer from a physical disability which has worsened to such extent that she is unable to take the remaining 259½ hours of dancing lessons for which she has paid under her contracts, and in this action she seeks recovery of the proportionate part of the unearned consideration.
Defendant's exception is predicated upon the argument that the contracts sued upon provide that no refunds will be made; that the agreements are legal, enforceable, entitled to the interpretation and effect of law as between the parties, and are not subject to revocation.
We think the issue presented is delineated by the interpretations placed by the parties upon the nature and effect of the contractual agreements. Counsel for defendant considers the present action to be an effort to procure a partial refund of the consideration paid by plaintiff and relies upon the specific prohibition against refunds incorporated in the contracts as a bar to plaintiff's recovery. On the other hand, counsel for plaintiff interpret the contracts as agreements for the rendition of personal services and predicate this action for rescission of the contracts upon the plaintiff's *338 physical inability to receive the services provided.
Conceding the validity of the principles that legal agreements have the effect of law as between the parties thereto, and that courts cannot concern themselves with the wisdom or folly of the contractual provisions, we are, nevertheless, of the opinion that the contracts here involved are personal and must be so interpreted both as to the obligor and obligee. Under the specific provisions of LSA-C.C. Article 2000 the obligation on the part of defendant must be construed to be purely personal since she undertook to perform specific services that required her personal skill and attention.
Similarly, under the plain wording of LSA-C.C. Article 2001, the obligation is personal as to plaintiff because of its nature which was designed for her personal gratification.
Although the codal articles above noted particularly refer to the inability to perform by reason of death, there is no reason to consider that they should not be applied in cases involving the total and permanent disability of either of the parties to perform the obligations imposed by the contract.
It is clear, upon the face of plaintiff's pleadings, that she has paid for services which she can no longer receive due to no fault of her own. It follows that, in addition to the legal principles above noted, equitable considerations would amply justify the rescission of the contracts.
For the reasons assigned the judgment appealed from is set aside and annulled, and
It is further ordered, adjudged and decreed that the exception of no right and no cause of action be and it is hereby overruled and this case is remanded to the Honorable First Judicial District Court in and for the Parish of Caddo, State of Louisiana, for further proceedings consistent with this opinion and in accordance with law.
Costs of this appeal are taxed against defendant-appellee, and it is ordered that assessment of all other costs await final determination hereof.