BARNETTE, Judge.
This is a suit for liquidated damages and attorney’s fees under the terms of a build-in g repair contract between plaintiff, Community Construction Company, Inc., the contractor, and Salvador Governale, the owner. The plaintiff seeks recovery of $247, together with an additional 25 percent of that amount as attorney’s fees. The trial court rendered judgment for defendant and dismissed plaintiff’s suit at its cost. The plaintiff has appealed.
The defendant, Salvador Governale, is the owner of a residence at 2530 Chartres Street in the City of New Orleans. On Friday, September 8, 1967, after 4 p. m., a man identified as Manuel Perez, an employee of plaintiff, telephoned defendant at his home and said that he had been working nearby and had observed serious termite damage to defendant’s house and asked if he (Governale) would like to talk to someone about making necessary repairs. Mr. and Mrs. Governale agreed with Perez, whose identity was established on trial below by Jerome Foreman, general manager of Community Construction Company, Inc., that he could send his employer around to discuss the matter with them.
Later that day, about 5:30 p. m., Mr. Foreman called on defendant at his home and made some inspection of the house and reported to them that it was in need of major repair and termite proofing. After some discussion between them and quotation of a price of $1,700, Mr. Foreman then reduced his price to $988 and induced defendant and his wife to sign a contract on a printed form with certain blanks filled in in the handwriting of Mr. Foreman.
*679 With the omission only of the items of repair listed in the handwriting of Mr. Foreman, we reproduce the contract, showing its form and type as follows:

The defendant is an elderly man of limited means who can scarcely read and write. He speaks English with some difficulty. His wife is younger and employed and better able to understand business matters, but her capacity to readily comprehend the significance of a contract of this kind is very limited. Soon after Mr. Foreman left their home they computed the payments of $36.66 per month for 60 months. When they realized that they had signed an obligation for payment of $2,199.60 over five years they sought immediately to be released.
The next morning, Saturday, they attempted to contact Mr. Foreman by telephone to ask to be released. They did not contact him personally until Sunday morning. Mr. Foreman would not release them. They notified him verbally, by telegram, and by letter that day (Sunday) of their cancellation of the contract. Their attorney, whom they contacted for advice, also told Mr. Foreman on Sunday that his clients would not go through with the contract.
On Monday morning Mr. Foreman sent a truck to defendant’s home with a supply of termite insecticide to make a gesture of intent to proceed with the work. Defendant ordered him to leave the premises which he did without attempting any work. Plaintiff made no further attempt whatever to proceed with the repairs. He incurred no expense nor obligations for labor or material and made no application for a *680 building permit. On October 3, 1967, this suit was filed.
The defendant has pleaded fraud, coercion, misrepresentation, error, usury, and invalidity of the contract on various grounds. While he did not specifically plead the exception of no cause or right of action he did raise the issue of the plaintiff corporation’s right and capacity to bring this suit on a contract between him and Jerome Foreman, contractor, in his individual capacity.
Immediately upon conclusion of the trial the trail judge rendered judgment in favor of defendant and dismissed plaintiff’s suit at its cost. No reasons for judgment were given, and we do not know which one or more of the several defenses relied on by defendant were maintained.
We find it unnecessary to discuss either of the several defenses urged by defendant for the reason that plaintiff, by the very terms of the contract itself, is not entitled to recovery of the damages sought.
The specific provision of the contract upon which plaintiff bases its right and cause of action is the following:
“This is a valid and binding contract and is not subject to cancellation by the Owner without the written consent of the contractor, and, if Contractor consents to cancellation, it is hereby agreed that the Owner shall first pay to the Contractor the amount of the expense and labor already incurred, and such damages as the nature of the case may require, the minimum, however, being 25% of the contract. Contractor shall not be responsible for damages caused by strikes, fires, or other causes beyond its control. If it becomes necessary to employ an attorney to enforce any provisions of this Contract, the Owner agrees to pay as attorney’s fees an additional sum of 25% of the amount involved.” (Emphasis added.)
In its zeal to devise a contract to impose a penalty on the owner for “cancellation” with consent, while significantly omitting a corresponding penalty against itself, the contractor failed to write into the contract a penalty provision for breach, i. e., termination by owner without consent. The contractor could have consented to “cancellation” and thus activated the penalty clause which stipulated liquidated damages, but he did not consent and defendant’s refusal to permit the work to be done without consent amounted to a breach of the contract for which no specific penalty is provided.
Plaintiff alleged in its petition and the testimony is conclusive that the “cancellation” by defendant was without its consent —in other words it constituted a breach by defendant. Therefore it has failed to allege or establish a cause or right of action for imposition of the penalty clause which is limited to “cancellation” with consent.
This would not, however, preclude plaintiff from asserting a claim for actual damages for the breach of the contract by defendant, but no such damages are alleged or proven.
The contract is the law between the parties. LSA-C.C. arts. 1901, 1945; Prisock v. Boyd, 199 So.2d 373 (La.App. 2d Cir. 1967); Richardson v. Cole, 173 So.2d 336 (La.App. 2d Cir. 1965); Meaux v. Southern Construction Corporation, 159 So.2d 156 (La.App. 3d Cir. 1963); Leon v. Dupre, 144 So.2d 667 (La.App. 4th Cir. 1962); Arkansas Fuel Oil Corporation v. Maggio, 141 So.2d 516 (La.App. 4th Cir. 1962). Plaintiff’s counsel has argued that the contract, being the law between the parties, should be strictly construed and enforced. This we have done, and plaintiff, who prepared the contract, would be in poor grace to complain that our strict interpretation of its terms are against it, for the equities of the case preponderate heavily against the enforcement of the harsh provisions of the contract against *681 this defendant. Plaintiff conceived and composed the contract in language and terms heavily loaded in its favor and will be held strictly to the terms which by chance are against its interest. LSA-C.C. arts. 1957, 1958; Louisiana Paving Co. v. Louisiana Dept. of Highways, 205 So.2d 445 (La.App. 1st Cir. 1967); Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App. 3d Cir. 1967); Simmons v. American National Insurance Company, 199 So.2d 421 (La.App. 3d Cir. 1967).
For these reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.