BLANCHE, Judge.
Plaintiff-appellant, Myrna Aucoin, appeals an adverse judgment by the Family Court, Parish of East Baton Rouge, refusing appellant’s attempt to regain custody and proceed with adoption of the minor child, Brandon Scott, who was placed in the custody of appellant and her husband, Merrick Philip Aucoin, by Catholic Social Services of Baton Rouge, Inc. (Agency). We affirm.
In 1971, appellant and her husband applied to the Agency for the placement of a child for the purposes of adoption. On June 14, 1973, pursuant to a written agreement, the Agency placed with them the nineteen day old minor child known as Brandon Scott. Thereafter, for the following seven months, appellant and her husband cared for Brandon Scott and loved him as their own. On February 2, 1974, one of the Agency’s workers, Mrs. Judith A. Baker, made a final supervisory visit to the Aucoin home in Erwinville, Louisiana, for the purpose of obtaining their signatures for the birth certificate to be prepared to reflect the Aucoin family name and also to advise them of the requirement to obtain a doctor’s health certificate for the child. Mrs. Baker informed the Aucoins that the adoption proceedings would continue and were advised that the Agency’s attorney would handle the proceedings and that he would contact them in approximately six weeks.
On March 15th, the Agency, through Mrs. Baker, learned that marital trouble had erupted between the appellant and her husband, and in fact, on March 19th, appellant’s husband filed a Petition for Separation from Bed and Board. That turn of events led the Agency to subsequently withdraw Brandon Scott from the custody of the appellant and cancel the impending adoption proceedings.
The Aucoins then brought suit against the Agency, seeking the custody of the child and the right to proceed with the adoption. In connection with their petition, they also obtained a Writ of Habeas Corpus wherein the Agency was ordered to produce the child in court, but before service of the writ, the Agency had placed the child with another family for adoption. However, by agreement between counsel, the production of the child was waived and a trial was had on the merits of the case, i.e., the right of the appellant to proceed with the adoption.
During the course of the trial, Merrick Philip Aucoin withdrew as a plaintiff in the proceedings, leaving only Myrna Au-coin as petitioner and appellant herein.
The Family Court Judge held:
“In the judgment of this court this was not only not an arbitrary or capricious decision upon the part of the defendant agency but was instead a most proper exercise of its legal, moral, and statutory function. Therefore, in the light of all the above, this court finds again at fact and at law, one, no legal consent was ever given; two, no decree of adoption was ever presented or rendered; three, circumstances had changed enormously since the original placement; and four, the agency acted as it had to act in doing what it did -in the exercise of its best judgment.”
The June 14th written agreement between the Agency and the Aucoins specifically reserved unto the Agency the right to “remove the child from the adoptive parents’ home, prior to the Agency’s having consented to the filing for adoption,” *390 (emphasis supplied) where “circumstances change to the point, that in the opinion of the Agency, the child’s best interest would not be met by his adoption by these adoptive parents.” Appellant contends the Agency’s withdrawal of the child from her custody following the March 15th revelation of marital trouble violates the agreement. She argues that the circumstances surrounding the February 2nd visit by Mrs. Baker established that the Agency gave its consent to the “filing for adoption”, and by the terms of the agreement, after giving such consent, they were precluded from thereafter withdrawing the child from her custody. The crucial issue, therefore, is whether or not the Agency consented to the filing for adoption.
As previously noted, the Family Court Judge found no consent was given. Absent manifest error his determination of fact will not be overruled. Contrary to appellant’s contention, Mrs. Baker, the caseworker with whom the Aucoins dealt, testified she had no authority to give the consent of the Agency, and, therefore, her communications with the Aucoins on February 2nd could in no way bind the Agency. Her testimony was corroborated by Mrs. Nancy Jo Miller, the Agency’s casework supervisor in charge of adoption practices. Mrs. Miller further explained that in every case, including the Aucoins, when the Agency is satisfied the adoption can proceed, the casework information concerning the child and prospective parents is forwarded to its attorney, or in some instances, the attorney designated by the prospective parents. Immediately thereafter, in accordance with Paragraph 7[1] of the agreement, the Agency notifies the prospective parents in writing that they have been approved and thereafter they communicate directly with the attorney to whom the case material had been forwarded.' Mrs. Miller testified that at any time prior to the written notification of the parents, the Agency felt the terms of the agreement allowed it to withdraw the child. She testified that Brandon Scott’s file was never forwarded by the Agency to its attorney in the instant case, nor was written consent pursuant to Paragraph 7 ever given to the Aucoins. In effect, her testimony established that but for the marital problem coming to light, the Aucoins would have received the final consent of the Agency to adopt the child. She testified the decision to withdraw a child from the custody of prospective parents is a staff decision, and when Mrs. Baker informed her of the problem, a staff meeting was held, at which time it was decided that removal from the Aucoin home was in the best interests of the child. We note that the decision to withdraw the child was made before the forwarding of the case record to the attorney and that no written consent to proceed was ever given to the Aucoins. We find the record amply supports the finding of fact by the Family Court Judge that the Agency had not consented to allow the Aucoins to proceed with the filing for adoption and will, therefore, not be disturbed.
Agreements legally entered into have the effect of laws on those who have formed them. L.S.A. Civil Code Articles 1901; 1945; Community Construction Company, Inc. v. Governale, 211 So.2d 677 (La.App. 4th Cir. 1968). As the written agreement between the Agency and the Aucoins allowed the Agency to remove the child from their custody upon finding a change of circumstances, and the Agency in fact did so prior to giving its consent to the filing for adoption, also as required by said agreement, the Agency did not breach its provisions.
*391 We also find, as did the trial judge, that the Agency, pursuant to its authority under its agreement with the Aucoins, did not act arbitrarily or capriciously in removing the child when it learned of the changed circumstances of the marriage. We are convinced the best interest of the child was served by removal from appellant’s custody.
For the foregoing reasons, the judgment of the Family Court, Parish of East Baton Rouge, is affirmed at appellant’s costs.
Affirmed.

. 7. If we decide to adopt this child, to file an adoption petition not less than six months nor more than eighteen months after the placement of the child within our home. Consent for legal adoption must be obtained in writing from the Catholic Social Services of Baton Rouge, Inc., and the costs of said legal adoption are to be borne by us as the adopting parents. (Emphasis supplied)