379 So.2d 881 (1980)
SOUTHERN STATES EQUIPMENT CO., INC.
v.
JACK LEGETT COMPANY, INC.
No. 10601.
Court of Appeal of Louisiana, Fourth Circuit.
January 18, 1980.
Writ Refused March 21, 1980.
*883 Charles A. Kronlage, Jr., Kronlage, Dittmann & Caswell, New Orleans, for plaintiff-appellant.
Robert E. Winn, Shirley N. Kopsa, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for defendant-appellee.
Before GARRISON, CHEHARDY and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Southern States Equipment Co., Inc., (Southern) has appealed from an adverse judgment dismissing its suit to recover the value of an air compressor which was stolen while under lease to and in the possession of defendant, Jack Legett Company Inc., (Legett).
The undisputed facts are the defendant, at various times during the three years preceding the theft leased from the plaintiff movable property which it used in its business of installing street lights and traffic signal lights. Approximately 43 separate rental transactions were involved and in each instance the procedure was practically the same. Legett through its general manager, William J. Krummel, or someone authorized by him would order the equipment by telephone and specify the date and job site for delivery.
Plaintiff would prepare in quadruplicate (2 copies for Lessee and 2 copies for its records) a "Rental Dray Receipt" itemizing the equipmentbut not the rental price which it required the party receiving the equipment at the job site to sign. Immediately above the signature line, the receipt contained the following printed provision:

Of the 43 dray receipts involved, five were signed by Krummel, thirty-one by R. Bridges (defendant's construction foreman) and the remainder by other employees. The only printed matter on these dray receipts was the above stated liability provision. Krummel testified he never paid any particular attention to the contents of the dray receipt except to check the equipment listed on it. Admittedly plaintiff never personally directed Krummel's attention to this provision of the dray receipt.
In February 1978, Legett leased an air compressor and related accessories from Southern which was delivered to the job site at Caffin and Galvez Streets in New Orleans. The dray receipt was signed on behalf of the defendant by its foreman, Roy *884 Bridges. The equipment was used at this location for one week after which Southern was contacted and instructed to pick up the unit and hold it over the weekend and redeliver it the following Monday morning to a location in Gretna, La., which it did. The following Friday rather than again request Southern to follow the same procedure over the weekend, Legett elected to retain possession and secured the unit to a utility pole with chains and a padlock. Over the weekend the equipment was stolen resulting in this lawsuit to recover its value.
The trial court found that defendant was "generally aware of the language in the delivery receipt as a result of many transactions with plaintiff-lessor"; however, "that said awareness alone did not constitute acceptance or agreement to be bound thereby". It further held that the foreman had no authority express or implied to bind the defendant and that Legett used reasonable care in securing the equipment and therefore was not negligent.
The record amply supports the trial court's conclusion that defendant knew of the liability statement in the dray receipt. It was in bold print and the only printed matter on each of the forty-three receipts left with defendant. Once defendant learned of this provision[1] by his continued silence and failure to protest or object to its inclusion in the dray receipt, it tacitly consented thereto and cannot now be heard to repudiate its legal effect. C.C. Art. 1817. Knowledge by the principal of the terms imposed coupled with the written acceptance of its employee authorized to act results in a binding obligation.
Unquestionably Bridges was authorized to sign the dray receipt acknowledging delivery of the rented equipment. Did this authorization extend to binding the defendant for loss of the equipment? The trial court felt it did not. We disagree.
On some thirty-one prior occasions Mr. Bridges signed dray receipts containing this identical provision and defendant honored the invoices submitted by plaintiff based upon these receipts. By so doing defendant ratified the actions of this employee and vested in him the apparent authority to act on its behalf in executing the dray receipts with their imposition of liability for loss of equipment. The pattern of conduct followed by the defendant in its series of rental transactions with plaintiff created an implied agency.
In Busby v. Walker, 84 So.2d 304 (La. App. 2d Cir. 1955), the court held:
However, an implied agency is also an actual agency. It is a fact which is to be proved by deductions or conclusions from other facts and circumstances. Such an agency is often established from the words and conduct of the parties and the circumstances of the particular case. It may be implied from prior habits or from a course of dealings of a similar nature between the parties where the agent has repeatedly been permitted to perform similar acts in the past. With respect to third persons, an agency may arise from acts and appearances which lead others to believe that such a relationship has been created, that is, by estoppel, and with respect to such third parties who deal with the agent, the agency may be apparent only and exist because of the estoppel of the principal or agent to deny the existence of such relationship, if the third party has relied on such appearance so that he would be prejudiced if the fact were shown to be otherwise.
See also Civil Code Article 3000. Under the circumstances of this case and the deductions to be drawn therefrom it must be concluded that Roy Bridges acted as the authorized agent in signing the dray receipts and thereby bound Legett to its terms.
Counsel for appellee contends that under Civil Code Article 2721 the defendant can only be held liable for the loss occasioned through its fault.
It is well settled that legal agreements have the force of law between the parties governing its subject matter and *885 courts are duty bound to give legal effect to such agreements (C.C. Art. 1945). It is equally well established that parties are free to contract on all matters not expressly prohibited by statute or contrary to public order or good morals (C.C. Arts. 11 & 12).
While it is true that C.C. Art. 2721 does limit responsibility of a lessee to the loss or damage occasioned by its negligence, there is no statutory or other prohibition against renouncing the benefit of this article and against assuming unrestricted liability for such loss or damage. The printed declaration on the bottom of the dray receipt was an enlargement of the lessee's responsibility.
Appellee maintains that the lessor cannot alter the lessee's obligation by simply engrafting a liability provision on its dray receipt and cites several cases in support of this contention. We find this position to be without merit.
The cases cited are not factually apposite. In each of them the document limiting liability was not signed by the recipient and he was not specifically apprised of the limitation.[2] In the instant matter the printed stipulation making the lessee liable for loss was immediately above the signature of the defendant's agent and under Ideal Loan of New Orleans, supra, the defendant is charged with the knowledge of and is bound by the provisions of the dray receipt. This conclusion is further buttressed by the recent Supreme Court case of Louisiana National Leasing Corporation v. ADF Service Inc. et al., La., 377 So.2d 92 (1979), which held a presumption exists that persons engaged in a business are aware of the contents of the documents they sign and the failure to carefully read the document which they signed is not sufficient cause to annul any of its provisions.
Applying Louisiana National Leasing Corporation rationale to the facts of this case, there is a legal presumption that the defendant was aware of the liability provisions of the dray receipt and its failure to carefully read the document cannot be urged to rebut the presumption of awareness and cause an annulment of the liability for loss statement.
On the question of the defendant's negligence in securing the equipment to the utility pole, there is no evidence to rebut defendant's testimony that such action is in accord with the custom of the industry. Also there is no proof that defendant's actions were not those of a reasonable prudent person under similar circumstances. Therefore we affirm the trial court's finding that defendant was not guilty of negligence.
As regards the value of the equipment lost, it was stipulated that plaintiff's expert appraiser, R. J. Sheffield, if present, would testify the value of a 1968 Le Roi air compressor in good condition is worth $3500.00. This appraisal coupled with the testimony of Barry Briski, Secretary-Treasurer of Southern, that the cost of a new compressor is about $8000.00 is sufficient to establish the value of the lease property at $3500.00 particularly since no contradictory evidence was submitted by defendant.
For these reasons we conclude the Rental Dray Receipt did form part of the contract of lease between the parties and plaintiff is entitled to recover the value of the leased object which was lost while in the possession and control of the defendant. Accordingly:
The judgment of the trial court is reversed and IT IS ORDERED that there be judgment in favor of plaintiff Southern *886 Equipment Co., Inc., and against the defendant, Jack Legett Company, Inc., in the sum of Thirty-Five Hundred and No/100 ($3500.00) Dollars together with legal interest from the date of judicial demand until paid and for all costs of these proceedings.
Reversed and Rendered.
NOTES
[1] Ideal Loan of New Orleans, Inc. v. Johnson, 218 So.2d 634 (La.App. 4th Cir. 1969).
[2] Guillot v. Kaplan Farmers Co-Op Inc., 352 So.2d 402 (La.App. 3rd Cir. 1977), disclaimer of liability not signed by depositor; Phillips v. Cohen, 183 So.2d 473 (La.App. 1st Cir. 1966) and Roppolo v. Pick, 4 So.2d 839 (Orl.La.App. 1941), rent receipts not signed by lessees; Lawes v. New Orleans Transfer Co., 11 La.App. 170, 123 So. 144 (Orl.1929), baggage ticket not signed by depositor; Marine Ins. Co. v. Rehm, 177 So. 79 (Orl.La.App. 1937), parking ticket unsigned; Colgin v. Security Storage, 208 La. 173, 23 So.2d 36 (1945), no signature on warehouse receipt. In Federal Insurance Co. v. C & W Transfer and Storage Co., Inc., 282 So.2d 563 (La.App. 4th Cir. 1973), court found depositor unaware of provision limiting liability; whereas in instant case the trial court found to contrary.