REGAN, Judge.
Plaintiff, Donald J. Grush, instituted this suit against the defendant, Leo J. Boud-reaux, endeavoring to recover damages in the sum of $120, representing the value of clothing which had been delivered to him. for the purpose of having them cleaned and pressed, and which he failed to return.
Defendant pleaded the exceptions of no right or cause of action and then answered conceding that he received, but failed to return, the wearing apparel to the plaintiff, and then sought to avoid liability therefor on the ground that while his securely locked truck was parked adjacent to the Maison Blanche Carrollton Store, the vehicle was forcibly entered by some unknown person, who stole the garments together with other articles of clothing.
From a judgment in favor of plaintiff in the amount of $75 defendant has prosecuted this appeal.
The record reveals that the defendant conducted his business under the trade name of Boudreaux Cleaners, as a bailee for hire, in the City of New Orleans. He did not perform the actual cleaning or pressing of the clothes, but contracted therefor with the U & T Cleaners. In October of 1951, plaintiff’s mother delivered to the defendant two suits and one pair of trousers owned by the plaintiff. Although requested, the defendant has failed to return the aforementioned clothing.
 The litigants concede that a bailee for hire or mutual benefit is liable for loss resulting from failure to exercise ordinary care in safeguarding bailor’s property, but a bailee, who is free of negligence, is not, as a general rule, liable for loss or injury due to inevitable accident, theft, forcible taking or like causes, although negligence may be predicated in such cases upon failure to take such preventive measures as the exercise of the required degree of care would demand. In the absence of a special contract an ordinary bailee for hire is not an insurer.
Thqs this case poses for our consideration only a question of fact and that is whether the defendant has successfully carried the burden of proof in exculpating himself of negligence by proving the theft of this clothing.
The defendant testified “I left the plant about twenty after ten and then out Ursuline to Carrollton Avenue, out Dumaine to Car-rollton Avenue and parked in the Maison Blanche parking lot and locked my truck and picked up a zipper at Maison Blanche and was there about five minutes, and when I came out my truck was jarred open, the front door, and I noticed the clothes was missing.” He further testified that after he discovered the theft he refrained from leaving the truck in order to notify a police officer or anyone else since he felt that in his absence an additional theft might occur, therefore, he returned to the plant and then notified the police of the loss.
There is not a scintilla of evidence in corroboration of or to support the foregoing testimony of the defendant. He did not offer in evidence a copy of the police report, any customer, whose clothing was likewise stolen, or any testimony to substantiate the fact that the truck was forcibly entered, although this evidence, if it existed, was within easy access of procuration by defendant. It taxes our credulity to believe that this truck could have been forcibly entered and the clothing removed' therefrom within a period of -five minutes and that no one in the vicinity of this congested area observed the incident, especially since this parking area is designed to afford off the street parking facilities to the. customers of the business establishments located adjacent thereto, namely, Walgreen’s Drug Store, Maison Blanche Carrollton Branch, Morgan *754 & Lindseys Five & Ten Cent Store and the Mid-City Bowling Center; also in this area is located a bus stop waiting platform servicing innumerable urban and suburban residents of the City and State.
The trial judge was obviously of the opinion that the defendant’s version of the loss of clothing was a fabrication on his part and we must reiterate that the doctrine is well established that the conclusions of the trial court with respect to questions of fact will not be disturbed unless manifestly erroneous.
With respect to quantum we find no error in the award of $75 made by the trial judge.
For the reasons assigned the judgment appealed from is affirmed.
McBRIDE, J., takes no part.