YARRUT, Judge.
Plaintiff appeals from a judgment of the First City Court dismissing its suit against Defendant to recover $117.60, interest and costs.
Plaintiff is the subrogated insurer against theft of an automobile owned by its insured, which was stolen and damaged to the extent of $117.60 under the following circumstances :
The insured left his 12-year old automobile at Defendant’s shop for certain repairs. A few days later (April 25th) about 5:30 p. m., when the insured called for his automobile, Defendant informed him that all repairs had been made. The insured *315 ■called Defendant’s attention for the first time that the trunk lock needed repair. When Defendant explained he was not equipped to repair such locks and recommended a repair shop on So. Rampart St. insured requested Defendant to do him a favor and take the car there for the lock repair. Defendant took the car the next day to the lock-repair shop. He parked the car on the street in front of the repair shop, took the lock and ignition key and brought it into the shop. He was advised the repair could be made while he waited. Defendant went outside, walked up and down, and finally re-entered the shop for 15 minutes to inquire whether the lock repair was completed. Upon returning with the mechanic to complete the installation at the sidewalk, the car was missing.
In effect, Defendant testified that he watched the car the entire time except for the 15 minutes when he re-entered the shop. Defendant received no compensation for his service in connection with the work done by the lock-repair shop. As the insured had been a customer of Defendant for many years, it seems apparent that the only interest Defendant had in agreeing to take the car to the lock-repair shop was to keep the goodwill of the long time customer.
It was shown that a clever thief could manipulate the switch and start the car without the key. Plaintiff contends Defendant was guilty of negligence when he left the automobile, so entrusted to him, unattended (even for 15 minutes) on a public street during the day, with the doors unlocked and the ignition in the “off” position, even without the key; that Defendant was an automobile mechanic and was familiar with the ignition, which permitted operation of the automobile without a key with the ignition in the “off” position; citing LSA-C.C. Arts. 2315-2316, the tort Articles.
In bailments for the sole benefit of bailor the bailee is only liable when the thing left with him at bailor’s request is lost or destroyed through gross neglect on his part. LSA-C.C. Arts. 2937-2938; Olinde Hardware & Supply Co. v. Ramsey, La.App., 98 So.2d 835.
To hold Defendant liable under the facts and circumstances present here would be to make him an insurer, which could only result in case of a special contract to such effect. Grush v. Boudreaux, La.App., 67 So.2d 752.
The Defendant has sustained the burden of proving that the automobile was stolen and damaged through no negligent act of omission or commission on his part. Grush v. Boudreaux, supra.
For the reasons herein assigned, the judgment appealed from is affirmed; Plaintiff to pay all costs in both courts.
Affirmed.