282 So.2d 563 (1973)
FEDERAL INSURANCE COMPANY
v.
C & W TRANSFER AND STORAGE COMPANY, INC. and the Home Insurance Company.
No. 5594.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
Rehearing Denied September 26, 1973.
*564 Law Office of Emile L. Turner, Jr., New Orleans, David M. Packard, for plaintiffappellee.
*565 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert E. Barkley, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, BAILES and FLEMING, JJ.
SAMUEL, Judge.
In response to a telephone call from Mrs. Joseph McCloskey, the owner of two Oriental rugs and a pad, a driver for C. & W. Transfer & Storage Company, Inc. called at her home and picked up those three articles for cleaning. Mrs. McCloskey was not at home at the time. The articles were given to the driver by her maid who, together with the driver, signed C. & W.'s combined invoice, receipt and contract. Subsequently, after cleaning and while in the warehouse of C. & W., one of the rugs was stolen. The McCloskeys made claim against their home owner insurer, Federal Insurance Company, which paid them the sum of $250 for the loss of the stolen rug and took a subrogation therefor.
Federal Insurance then filed this suit for $250 against C. & W. and its insurer, The Home Insurance Company. After trial there was judgment in favor of the plaintiff and against the defendants in the full amount prayed. Defendants have appealed.
In this court appellants make two contentions: (1) the trial court erred in finding them liable for the theft of the rug; and, alternatively in the event of such liability, (2) under a liability limitation clause in their invoice, receipt and contract liability should be limited to the sum of $25.
Civil Code Article 2937 is applicable. It provides:
"The depositary is bound to use the same diligence in preserving the deposit as he uses in preserving his own property." LSA-C.C. Art. 2937.
Our established jurisprudence has interpreted Article 2937 as follows: The depository must use the ordinary care expected of a prudent man in preserving the deposit and this requirement is enforced rigorously in the case of a compensated depository; generally, the depository who is free of negligence in safeguarding the property deposited is not liable for loss or damage to such property resulting from inevitable accident, theft, forceable taking, or like causes, although negligence may be predicated in those cases upon a failure to take preventative measures demanded by the exercise of the required degree of care; and where a deposit has been lost, stolen or damaged while deposited, a presumption arises that the same resulted from the depository's negligence or fault and the burden is then on the depository to exonerate himself from such negligence or fault.[1] Thus in the instant case it was incumbent upon the defendants to establish that the depository, C. & W., was free of negligence or fault regarding the theft of the rug.
For the purpose of carrying this burden defendants offered the testimony of Mr. John W. Schwab, Vice President of C. & W. He testified: The theft was discovered and reported to him on a Monday morning. Torn paper residue was lying on the floor of the warehouse in the area in which the rug had been placed. There were no signs of forcible entry. Security measures consisted of a fence with a barbed wire top surrounding the premises, securing the warehouse building every night, floodlights on the outside of each door of the building, and a patrol service which patrolled the area two or three times during the night.
While the proof offered shows C. & W. took precautions to secure the premises at night, other than testimony that the fence surrounds the premises the record *566 is devoid of any evidence at all showing any security measures taken during the daytime. The theft in question occurred over a weekend, i. e., on a Friday night or during the following Saturday, Sunday or early Monday morning. The absence of a forcible entry is entirely unexplained. As the theft could have occurred during the daytime, defendants have failed to carry their burden of proving C. & W. was without negligence of fault and they are liable for loss of the rug.
We also are of the opinion that appellants' second contention, regarding limitation of liability, is without merit. In this connection they rely on the combined invoice, receipt and contract signed by the McCloskey maid at the time she released the rugs and pad to the C. & W. driver. That document states C. & W.'s liability for loss or damage is limited to the declared value and if no valuation is declared by the customer a maximum of $25 per rug will be applied. Above the lines for the signature of the customer and the driver appears this provision:
"I have read the stipulations, agreements and conditions on the face and reverse hereof, before affixing my signature, which is my approval and acceptance of this contract and the values stated above."
As provided by Article 3021 of our Civil Code [2] a principal is bound by the agreements contracted by his agent conformably to the power vested in the agent and, except insofar as he has expressly ratified the same, the principal is not bound for anything further. However a third party who deals with an agent is required to determine whether or not the contract about to be consummated comes within the agency and will or will not bind the principal.[3] And as between the principal and the third party who enters into a contract with the agent, the burden of showing the agent acted within the confines of his authority is upon the third party.[4]
In the instant case there can be no question but that the defendant driver knew he was dealing with an agent of the owner. In addition, although Mrs. McCloskey had done business with C. & W. on several prior occasions, she was unaware of any provision relative to a limitation of liability, and the record is quite clear that the McCloskey maid had no authority except to release the rugs and pad to the driver. It follows that no contract was entered into between C. & W. and Mrs. McCloskey relative to a limitation of liability and therefore the defendants are liable for the full value of the stolen rug.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] United States Fidelity & Guaranty Company v. Allright Shreveport, Inc., La. App., 256 So.2d 479; Zesiger v. Dean, La.App., 247 So.2d 222; Home Ins. Co. v. Southern Specialty Sales Co., La.App., 225 So.2d 776; Lumberman's Mutual Casualty Company v. Wallace, La.App., 138 So.2d 247; Grush v. Boudreaux, La. App., 67 So.2d 752.
[2] LSA-C.C. Art. 3021.
[3] Buckley v. Woodlawn Development Corporation, 233 La. 662, 98 So.2d 92; Builders Center, Inc. v. Smith, La.App., 228 So.2d 245; Bordelon v. Capers, La. App., 189 So. 615; Calhoun v. David Burk Co., La.App., 153 So. 568.
[4] Buckley v. Woodlawn Development Corporation, supra; Builders Center, Inc. v. Smith, supra.