COLE, Judge.
This is a suit against a television repairman for improper repairs and the ruin of a television set.
In December 1974, Walter J. Horrell requested that Walter L. Smith come to his home and repair a 1968 Curtis-Mathis console television set. Smith had satisfactorily worked on this set on prior occasions. On December 23, Smith came to Horrell’s residence and attempted to repair the set but was unable to do so there and, with Hor- *1212 rell’s permission, he then took it to his shop to complete the work.
Approximately a month later, Smith returned with the television supposedly repaired and proceeded to test it. When he did so, smoke and acrid odors began coming from it, apparently the result of an electrical fire or malfunction.
Smith immediately made efforts to correct that difficulty but was unable to do so and he again took the set to his shop. A few months later, Smith informed Horrell that the television set could not be repaired because of the fire damage.
Horrell filed this suit for the value of the television set and for the inconvenience he sustained as a result of being deprived of its use. The matter was tried and Horrell’s suit was dismissed by the district court. We find the trial court’s judgment must be reversed.
When Smith undertook the repair of the plaintiff’s television set for a price and removed it to his shop for that purpose, a relationship of depositor-compensated depositary was entered into between the parties. See Miller Car Washes, Inc. v. Crowe, 245 So.2d 485 (La.App.2d Cir. 1971) and the authorities cited therein.
On numerous occasions, the courts of this state have determined that such a repairman, characterized as a compensated depositary, is one against whom the obligation of preserving the property is rigorously enforced.
Insured Lloyds v. Liberty Mutual Insurance Company, 295 So.2d 206 (La.App.3d Cir. 1974); Home Insurance Company v. Southern Specialty Sales Company, 225 So.2d 776 (La.App.4th Cir. 1969).
The rules pertaining to the relationship are specifically set out in Civil Code Articles 2937 and 2938, to-wit:
“Art. 2937. The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.
“Art. 2938. The provision in the preceding article is to be rigorously enforced:
1. Where the deposit has been made by the request of the depositary.
2. If it has been agreed that he shall have a reward for preserving the deposit.
3. If the deposit was made solely for his advantage.
4. If it has been expressly agreed that the depositary should be answerable for all neglects.”
In Insured Lloyds, supra, the court stated:
“In fact once the existence of a deposit is established as well as the loss or damage to the property deposited, a presumption arises that the same resulted from the depositary’s lack of due care, negligence, or fault and the burden is then on the depositary to exonerate himself from such negligence or fault. Coe Oil Service Inc. v. Hair [283 So.2d 734] supra; Federal Insurance Co. v. C. & W. Transfer & Storage Co., Inc., 282 So.2d 563 (La.App.4th Cir. 1973); Chrysler Credit Corporation v. Caulfield, 252 So.2d 461 (La.App.4th Cir. 1971).”
When the defendant returned Hor-rell’s television set after it had supposedly been repaired and a fire or electrical malfunction took place immediately upon it being turned on, it became incumbent upon Smith to establish he was free from fault.
The evidence indicates that a short circuit took place in the wiring of the printed circuit board of the set. According to the statement for the services presented by the defendant, repair work had been done by Smith on the printed circuit board. Therefore, it would appear not only has the defendant failed to exonerate himself, but the most likely cause of the fire was the work he had just completed. Based upon that evidence, we find the defendant’s liability to be established.
We further find the plaintiff has failed to satisfactorily establish the value of the television set which is now beyond repair. As noted in LeBlanc v. Southern Farm Bureau Cas. Ins. Co., 104 So.2d 279 (La.App.1st Cir. 1958), relief must be denied *1213 for plaintiffs failure, on the trial on the merits, to afford any basis for a money judgment on this item of damages. We do find, however, some measure of inconvenience to the plaintiff has been satisfactorily proven in that he was deprived of a color television set for the better part of a year. He is entitled to damages in the amount of $150.00 for that period of time.
The judgment of the district court is reversed and judgment is rendered against the defendant in the amount of $150.00, together with legal interest thereon from date of judicial demand until paid and for all costs of court.
REVERSED AND RENDERED.