RICHARD A. CHERAMIE ENTERPRISES, INC., Plaintiff-Appellant,

v.

MT. AIRY REFINING CO., in personam, Defendant-Appellee.

No. 82–3576

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 27, 1983.

Lemle, Kelleher, Kohlmeyer & Matthews, Mark L. Ross, New Orleans, La., for plaintiff-appellant.

Baldwin & Haspel, Conrad Meyer, IV, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

We examine the propriety of the trial judge's grant of a Fed.R.Civ.P. 41(b) motion in favor of the defendant. Finding no error in any finding of fact or conclusion of law, we affirm.

*Facts*

Richard A. Cheramie Enterprises, Inc., filed this action in admiralty against Mt. Airy Refining Company for $28,092.70, representing charges for towage services and fuel allegedly furnished Mt. Airy in the charter of the push boat VICKIE MARIE C, from January 8–24, 1981.

Raymond Shipley contacted Robert Cazayoux, a sales representative for Cheramie, and requested the charter of a vessel for towing barges. On January 17, 1981, at the mid-point of the tow, the captain of Cheramie's VICKIE MARIE C refueled and directed that the fuel charges be billed to Green Country Barge Lines. On January 24, 1981, Shipley notified a vice president of Cheramie to terminate the charter. In the interim, the captain of the push boat had, on a daily basis, contacted Shipley for instructions.

Upon termination of the charter, Cazayoux said he billed Mt. Airy on instructions of Shipley, but that Shipley subsequently reported that he was working for someone else and requested that the billing be made to Green Country. Shipley testified that he had informed Cazayoux from the outset that the charter was for Green Country and directed billing to that entity. When an invoice was sent to Mt. Airy, Shipley said he contacted Cheramie's office staff and told them they had billed in error and should send the invoice to Green Country at an address he furnished. Green Country never paid and apparently folded.

The sole issue is whether Cheramie proved that Shipley was an agent acting on behalf of Mt. Airy when he arranged for the charter and gave daily instructions to the VICKIE MARIE C. Cheramie contends that the resolution of this issue is foreclosed by the Pre-trial Order in which Mt. Airy purportedly admitted Shipley's status and authority. In support of this contention Cheramie points to paragraph 6(b) of the Pre-trial Order which reads in pertinent part:

A brief summary of the material facts claimed by defendant, Mt. Airy Refining Company, are:

Mt. Airy Refining Company contends that its representative, Raymond Shipley, contacted plaintiff as a courtesy to plaintiff to advise plaintiff that Green Country Barge Lines, an entity totally unrelated to Mt. Airy Refining Company, was in need of towing or other marine services.

The Pre-trial Order also contains the following statements:

7. A comprehensive written statement of all uncontested material facts are:

\* \* \* \* \* \*

b. Raymond Shipley, at all material times, was employed by Boswell Oil Company

8. A single listing of the contested issues of fact of plaintiff are:

\* \* \* \* \* \*

e. whether plaintiff in fact chartered the M/V VICKIE MARIE C directly to Mt. Airy Refining Company

9. A single listing of the contested issues of fact of defendant are:

a. whether Mt. Airy Refining Company, through Raymond Shipley, ordered for its own account towage services from plaintiff;

■ The district court declined to accept the reference to Shipley as Mt. Airy's representative as dispositive of the agency relationship. The reference relied on was considered admissible, but standing alone was not considered sufficient. The court required proof. After receiving and reviewing Cheramie's evidence, the district court found that Cheramie had not proven that Shipley was Mt. Airy's agent. As a finding of fact this determination is protected by Fed.R.Civ.P. 52(a). It is not clearly erroneous.

We do not choose between maritime law and Louisiana law because Shipley was not Mt. Airy's agent under either. *See, e.g., Kossick v. United Fruit Co.,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); *Kamani v. Port of Houston,* 702 F.2d 612 (1983, 5th Cir.).

■ Under Louisiana law, an agency relationship is created by either express appointment of a mandatory under Civil Code Article 2985 or by implied appointment arising from apparent authority. *Lou-Ark Equipment Rentals Co. v. Hong Ah Fong,* 355 So.2d 1019 (La.App.), *writ denied,* 357 So.2d 1167 (1978). The record is devoid of any proof of the designation of a mandatory pursuant to Article 2985. Nor does the record support the implication of apparent authority.

■ To establish an implied agency, it must be shown that: (1) Mt. Airy, as principal, made some manifestation to Cheramie and (2) Cheramie reasonably relied on Shipley's purported authority as a direct consequence of Mt. Airy's representations. There is no communication in this record, written or oral, from anyone acting on behalf of Mt. Airy. The only evidence, as such, is the testimony of Cheramie's personnel relating what Shipley purportedly said. Shipley, in turn, denied the pertinent statements credited to him. Agency may not be established by the words of the purported agent. *Patrick v. Patrick,* 230 So.2d 759, 762 (La.App.1970) and cases cited therein stand for the proposition that

an alleged agent's statements cannot establish an agency relationship. Moreover, testimony as to an alleged agent's statement is not admissible in evidence to establish such a relationship.

■ Under Louisiana law an agency relationship cannot be presumed, it must be clearly established. *Patrick v. Patrick.* Further, once agency is indicated, the party preparing to deal with the agent has an affirmative duty to determine the extent and scope of the agent's authority to bind the principal. *Lou-Ark Equipment Rentals,* 355 So.2d at 1021 (*quoting Builders Center, Inc. v. Smith,* 228 So.2d 245, 249 (La.App. 1969)). The record reflects no effort at confirmation by Cheramie.

■ This same result is reached upon application of the general principles of agency. *See Trautman v. Buck Steber, Inc.,* 693 F.2d 440 (5th Cir.1982). Mt. Airy neither expressly nor impliedly created authority

for Shipley to act as its agent. *See Restatement of Agency* 2d § 27 (1958); F. Mechem, Outline of the Law of Agency § 94 (4th ed. 1952). Under general agency principles the statements of the agent cannot establish the existence of the relationship. *Karavos Compania Naviera S.A. v. Atlantica Export Corp.*, 588 F.2d 1 (2d Cir. 1978).

The district court appropriately granted Mt. Airy's motion for an involuntary dismissal. Fed.R.Civ.P. 41(b); *Reimer v. Smith,* 663 F.2d 1316 (5th Cir.1981); *Robinson v. M/V MERC TRADER,* 477 F.2d 1331 (5th Cir.1973).

AFFIRMED.