# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-40575

NAN GRAVES; LINDA GRAVES; DUSTIN GRAVES; SAM GRAVES;
JESSICA GRAVES PARKER

Plaintiffs - Appellees

v.

BP AMERICA INC.; BP PRODUCTS NORTH AMERICA, INC.; JV
INDUSTRIAL COMPANIES LTD, formerly known as JV Piping, Inc.

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:

The plaintiffs in this case are the surviving spouse, mother, and children of decedent Ronnie Graves, an employee of defendant J.V. Piping, who died in a work-related accident at defendants' BP Texas City facility. The plaintiffs

brought a diversity action, suing under the Texas wrongful death statute[1] and the Texas survival statute.[2] The defendants brought motions to compel arbitration pursuant to the arbitration clause in Ronnie Graves' employment agreement. The district court granted the motions with respect to the survival claims, as it found those claims to be wholly derivative of the decedent's rights, but denied the motions with respect to the wrongful death claims, as it found those claims to be personal to the plaintiffs. Defendants appeal and we review *de novo*.[3]

I

Appellants contend that nonsignatories suing a decedent's employer under the Texas wrongful death statute are bound by an arbitration agreement between the employer and the decedent. They point us to the Texas Supreme Court's recent opinion in *In re Labatt Food Service, L.P.*, where the court answered that precise legal question: "the arbitration provision in an agreement between a decedent and his employer requires the employee's wrongful death beneficiaries to arbitrate their wrongful death claims against the employer even though they did not sign the agreement."[4] Appellants read this as dispositive in this case.

We, however, are not so quick to agree. Appellants fail to mention that the Texas Supreme Court explicitly decided to answer the question of whether nonsignatories are bound by an arbitration agreement by applying state substantive law, not federal law. Before relying entirely on the case, we must first consider whether this was the correct choice of law.

---

[1] Tex. Civ. Prac. & Rem. Code § 71.002.

[2] Tex. Civ. Prac. & Rem. Code § 71.021.

[3] *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

[4] 2009 WL 353524 (Tex. 2009).

A

A motion to compel arbitration presents two questions. First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement.[5] In answering the first question of contract validity we apply "ordinary state-law principles that govern the formation of contracts."[6] The second question of scope, however, is answered "by applying the 'federal substantive law of arbitrability . . . .'"[7] While this is clear, there is less certainty over what law governs whether a nonsignatory should be compelled to arbitrate—a question seemingly falling between validity and scope. And, in fact, we have cases applying state law[8] and others applying federal law[9] to this question.

B

This case does not require us to decide the choice-of-law issue because we, like other courts before us,[10] can simply note that federal and state law dovetail to provide the same outcome. Regarding Texas law, the Texas Supreme

---

[5] *Fleetwood Enterprises Inc.*, 280 F.3d at 1073.

[6] *First Option of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Thus state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).

[7] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) *(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

[8] *Fleetwood Enterprises*, 280 F.3d at 1074.

[9] *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 381–83 (5th Cir. 2008); *Washington Mutual Finance Group LLC v. Bailey*, 364 F.3d 260, 267 n.6 (5th Cir. 2004); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 353 (5th Cir. 2003).

[10] *Bailey*, 364 F.3d at 267 n.6 ("However, we also note there is no reason to think Mississippi law would compel a different result in this case . . . ."); *In re Labatt Food Service, LP*, 2009 WL 353524 (Tex. 2009) ("Pending an answer from the United States Supreme Court, we have determined to apply state substantive law and endeavor to keep it consistent with federal law.").

Court—explicitly applying Texas law—held that "[w]hile it is true that damages for a wrongful death action are for the exclusive benefit of the beneficiaries and are meant to compensate them for their own personal loss, the cause of action is still entirely derivative of the decedent's rights."[11] Because the nonsignatory plaintiffs "stand in [the decedent's] legal shoes,"[12] they are bound by his agreement.

Regarding federal law, the federal common law of contracts binds nonsignatories to arbitration agreements under various theories of contract and agency law, including incorporation by reference, assumption, agency, veil piercing or alter ego, estoppel, and third-party beneficiary.[13] The "direct benefits" version of estoppel applies in this case; it prevents a nonsignatory from knowingly exploiting an agreement containing the arbitration clause.[14] In other words, a nonsignatory cannot sue under an agreement while at the same time avoiding its arbitration clause.

Here, then, we must decide if the Appellees' statutory wrongful death actions are premised, at least in part, on the decedent's employment agreement with the signatory defendants. Wrongful death being a state cause of action, the nature of the suit is defined by Texas law. *In re Labatt* defined a Texas wrongful death action as "entirely derivative of the decedent's rights."[15] Accordingly, just as any suit by Ronnie Graves against his employer for a work-related injury

---

[11] *In re Labatt Food Service, LP*, 2009 WL 353524 (Tex. 2009).

[12] *Id*. The Texas Supreme Court delivered this opinion subsequent to the district court's decision in this case, which in large part relied on now-overruled Texas appellate court precedent holding that wrongful death beneficiaries are not bound by a decedent's agreement to arbitrate.

[13] *See Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381–82 (5th Cir. 2008) (citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003)).

[14] *Id.* at 361–62.

[15] *In re Labatt Food Service, LP*, 2009 WL 353524 (Tex. 2009).

would be premised on his employment agreement, the wrongful death actions brought by his statutory beneficiaries must also be premised on that agreement—which is the agreement bearing the arbitration clause. Thus, under the federal common law of contracts, the statutory beneficiaries of a wrongful death action in Texas are bound by an arbitration agreement between the decedent and his employer.

The judgment of the district court with respect to the wrongful death claims is REVERSED.