# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2012

No. 12-30327
Summary Calendar

Lyle W. Cayce
Clerk

ACTIVE MORTGAGE, L.L.C.

Plaintiff-Appellant

v.

TRANS UNION, L.L.C., ET AL.

Defendants-Appellees

Appeal from the United States District Court for the
Middle District of Louisiana
USDC No. 3:09-CV-986

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Active Mortgage, L.L.C. ("Active") appeals the district court's grants of summary judgment dismissing Active's claims against all defendants. We affirm.

## FACTS AND PROCEEDINGS

Plaintiff Active is a mortgage broker that consummates mortgages with clients and then sells them on the secondary market. To make these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30327

transactions, Active must obtain its clients' credit reports issued by the three major national credit reporting agencies ("CRAs"), one of which is Trans Union, Inc. Credit Plus, Inc. and First Advantage Credco, L.L.C. ("Credco") act as go-betweens, bundling the credit information provided by the CRAs and then selling it to Active. Active had contractual relationships with Credit Plus and Credco to provide credit information from Trans Union.

Michael Bienvenu and Leonard Nachman II own Active. Before forming Active, Bienvenu and Leonard Nachman II's son, Leonard Randall Nachman III ("Randall"), had owned another mortgage brokerage firm, Broker's Home, L.L.C. Broker's Home had a contract with Credit Plus to provide credit information furnished by Trans Union, but in August 2007, Trans Union requested that Credit Plus terminate its contract with Broker's Home due to alleged improper use of consumer information in violation of the Fair Credit Reporting Act ("FCRA"). In August 2007, Randall sued Credit Plus and Trans Union.

Meanwhile, Bienvenu founded Active with Nachman II, and in August 2007, Active contracted with Credit Plus to receive credit reports. In April 2009, Active contracted with Credco to receive credit reports. On November 13, 2009, Trans Union – having discovered that Bienvenu and Randall's father operated Active – informed Credit Plus and Credco that, pursuant to their contracts with Trans Union, they must terminate Active's access to Trans Union credit reports. Both Credit Plus and Credco terminated Active's access to Trans Union reports soon thereafter.

Active obtained a temporary restraining order on November 18, 2009 to continue receiving Trans Union credit reports. On March 31, 2010, the district court denied Active's request for a preliminary injunction, and soon afterwards, Trans Union once again ordered Credit Plus and Credco to

2

No. 12-30327

terminate Active's access to Trans Union credit reports. As a result, Active ceased operations.

On July 2, 2010, Active filed its First Amended Complaint, alleging claims for breach of the implied covenant of good faith and fair dealing; detrimental reliance; and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). On November 4, 2010, the district court granted Credco's motion to dismiss the claims for breach of the duty of good faith and fair dealing and detrimental reliance.[1] On April 7, 2011 the district court granted Credco's motion for summary judgment on the remaining LUTPA claim, thereby dismissing Credco from the suit. On February 14, 2012, the district court granted Credit Plus's and Trans Union's motions for summary judgment on all three claims, and on February 23, 2012, the district court entered judgment in favor of the three defendants and against Active.

Active timely filed its notice of appeal on March 23, 2012.

## ISSUES PRESENTED

The two issues that Active has presented for appeal, slightly reworded for accuracy, are:

(1) Whether the district court erred in holding that the three defendants had not breached any duty of good faith and fair dealing owed to Active.[2]

(2) Whether the district court erred in holding that Credit Plus and Credco are not agents of Trans Union.

## STANDARD OF REVIEW

We review a summary judgment *de novo*, applying the same standards as the district court. *Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*,

---

[1] The motion to dismiss was properly decided using a summary judgment standard, as Credco had referenced matters outside of the pleadings.

[2] Active incorrectly asserted that the district court held that the defendants owed no duty of good faith and fair dealing to Active.

3

No. 12-30327

592 F.3d 687, 690 (5th Cir. 2010).  Summary judgment should be affirmed "if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).

## DISCUSSION

Of Active's articulation of the two issues for appeal, only the first presents an actual claim whereby relief may be granted.  The district court based its holding on Active's failure to state facts demonstrating that the defendants had breached any duty of good faith and fair dealing owed to Active.  All applicable laws in this dispute[3] prohibit a party from invoking the implied covenant of good faith and fair dealing to prevent a party from doing what is expressly allowed by their agreement.  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 728 (Cal. 1992) (applying California law); *accord Clark v. America's Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (applying Louisiana law); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395-96 (7th Cir. 2003) (applying Illinois law).  In addition, Maryland law, which governs the Credit Plus contract, does not recognize a separate cause of action for breach of the duty of good faith.  Such a cause is part of a breach of contract claim, which Active did not plead.

Active had no contract with Trans Union, but Trans Union's contract with Credit Plus and Credco requires that Credit Plus and Credco terminate

---

[3] The contract between Active and Credit Plus is governed by Maryland law, and the contract between Active and Credco is governed by California law.  As for the law governing Active's claims against Trans Union, the district court applied Louisiana law while Trans Union asserts that Illinois law governs.  We need not address this choice-of-law question because, applying either Louisiana or Illinois law, the outcome is the same.  *Graves v. BP Am. Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (per curiam) (declining to decide the choice-of-law issue because the two  jurisdictions' applicable laws "dovetail to provide the same outcome").

any end user with or without notice, at Trans Union's request. Active's contracts with Credit Plus and Credco clearly give them the right to terminate Active for Active's breach of those contracts.[4] It is undisputed that Active breached its contracts with Credit Plus and Credco by not following the required security protocols to prevent unauthorized access to consumer information. Therefore, Credit Plus and Credco breached no duty of good faith and fair dealing. Trans Union, lacking privity of contract with Active, owed no duties to Active. Even if it did owe Active a duty of good faith and fair dealing, however, it reasonably ordered Active's termination as an end user based on its discovery of the composition of Active's ownership and the suspiciously close connections between Broker's Home and Active.[5]

Since Active did not brief the claims for detrimental reliance and violation of the LUTPA, it has waived those claims. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *see also Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 609-10 (5th Cir. 2011) (holding that a party "waived its right to appeal" claims not addressed in its initial appellate brief). Therefore, Active's second issue presented for appeal, whether Credit Plus and Credco are agents of Trans Union, is moot, since agency must be linked to an actionable claim, in this case detrimental reliance. Regardless, the district court was correct in holding that there was no genuine dispute of material fact that Trans Union was not the principal of

---

[4] In addition, the contract between Active and Credco gave either party the right to terminate the contract for any reason or no reason at all.

[5] Active presented no persuasive authority to support its claim that Trans Union owed a "heightened responsibility" to Active based on its alleged monopoly status among credit reporting agencies.

either Credit Plus or Credco.[6] *See Richard A. Cheramie Enterps., Inc. v. Mt. Airy Ref. Co.*, 708 F.2d 156, 158 (5th Cir. 1983) ("[A]n agency relationship cannot be presumed, it must be clearly established."). Credit Plus and Credco were merely acting pursuant to contractual obligations when they terminated Active at Trans Union's request.

Had Active briefed its claims for detrimental reliance and violations of the LUTPA, we still would affirm the district court's holding. Active failed to satisfy any of the elements of detrimental reliance. Active also failed to state a claim under the LUTPA, for the reasons discussed *supra* regarding the claim for breach of the duty of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[6] Active's argument that the Michael Bienvenu affidavit creates a genuine dispute of material fact as to Trans Union's "imputed knowledge" of Credit Plus's employee, Don Clement, is equally unpersuasive.